MATTHEW H. MITCHELL, Admr., &c., Plaintiff in Error, *v.* REUBEN JACOBS *et al.*, Defendants in Error.

ERROR TO FULTON.

Taking an appeal, executing a bond, &c., are in the nature of process to remove a case from an inferior to a superior court; and if these should be irregular, and objection is not made in the first instance after appearance, the irregularity is waived.

An appearance in a case, except to object to the process or service, is a waiver of all irregularity in them.

Where counsel for defendant found a lease among the papers in the cause not marked filed, which was an important piece of evidence for plaintiff, and annexed it to a dedimus and sent it out of the State, it was held that secondary evidence of its contents should be admitted.

THE defendants in error presented a claim for allowance against the estate of Matthew Mitchell, deceased, in the County Court of Fulton county, which was objected to by the plaintiff in error, and upon a trial the County Court found against the claimants, and rendered judgment for costs. From this judgment the defendants in error attempted to take an appeal to the Circuit Court. The bond purports to be executed by both of the defendants in error, but was only signed by Henry Emery, one of them, together with John P. Boice, as security. The bond was *approved by the clerk of the County Court* on the 28th day of November, 1853. The transcript of the County Court record shows that the judgment was rendered on the 7th day of November, 1853.

The appeal bond and transcript were filed in the Circuit Court on the 28th day of November, 1853, and on the same day an appeal summons was issued against the plaintiff in error, returnable at the February term, 1854, which was returned not served. At that term the cause was continued. On the 14th day of April, 1854, an alias appeal summons was issued, which was returned served on the plaintiff in error. No summons was issued *against Reuben Jacobs*, the party who *had not joined* in the execution of the appeal bond.

At the May term, 1854, the appearance of Reuben Jacobs was entered by his attorney, and thereupon the cause was continued.

At the next term, (in September, 1854,) on the first day, the plaintiff in error entered his motion to dismiss the appeal, and assigned as reasons—

1st.   That there was no appeal pending in that court.

2nd.   The appeal bond was not given, taken and approved in the time and manner required by law.

3rd.   The appeal bond was insufficient.

The other facts of the case are stated in the opinion of the court.   The decisions complained of were made by WEAD, Judge, at February term, 1855, of the Fulton Circuit Court.

GOUDY and JUDD, for Plaintiff in Error.

WILLIAM KELLOGG, for Defendants in Error.

CATON, J.   This was an appeal taken from the county to the Circuit Court.   At the first term after the appeal was taken, the parties appeared and the cause was continued by consent.   At the next term, the appellee in the Circuit Court made a motion to dismiss the appeal, because the appeal bond was not filed within the time prescribed by the statute; and also, because it was not approved by the proper officer.   This motion was overruled, which is assigned for error.   This identical question was decided by this court, in the case of *Pearce* v. *Swan*, 1 Scam. 266.   In that case, the court said: "Taking the appeal, executing the bond, and delivering the papers to the Circuit Court, are the means provided by law for transferring the cause from the justice and constable to the Circuit Court.   These measures are in the nature of process to remove the cause from the inferior to the superior court.   When process by which a court obtains jurisdiction of a cause is irregular, and no objection is made, the irregularity is waived.   The irregularity is not like the case of a defective jurisdiction over the subject matter; for the statute gives jurisdiction to the justice and constable in the first instance, and to the Circuit Court by appeal."   That was an appeal in a case of the trial of the right of property, levied upon by a constable on an execution issued by a justice, where, as the statute then stood, the party must take an appeal and file his bond immediately upon the rendition of the judgment by the justice; and in that case, this was not done till a subsequent day, and the party appeared to the appeal in the Circuit Court without objection, and this court held that the objection was waived.   The appeal proceedings being likened to process, objections to their regularity must be taken in the same time that objections to defective or void process or service are required to be taken.   Now, the rule is well settled that, that if a party

appears to a cause for any purpose whatever, except to object to the process or service, he waives all objection thereto, although the process may be void, or there may have been no service. *Easton* v. *Altum*, 1 Scam. 250. Here the appellee did appear at the appearance term, in the Circuit Court, and consented to a continuance of the cause. When he did that, he submitted himself and his cause to the jurisdiction of the court; and it was too late afterwards for him to object, that himself or the cause was not properly brought there. Suppose it had been an original case in the Circuit Court, and the original process had not been signed or sealed, or had not been served; or suppose, even, no attempt had been made to issue such process, his appearance and consenting to a continuance would have been a waiver of process or service, and he could never afterwards be allowed to object that he was not properly brought before the court. He came voluntarily and submitted himself to its jurisdiction, and that put an end to all such objections. The Circuit Court decided properly in overruling the motion to dismiss; for what reasons, it is immaterial to this court.

The only remaining question is, as to the admissibility of the secondary evidence of the contents of the lease. The facts upon which that was admitted, were these: The original lease had been used upon the trial in the County Court. Subsequently, the counsel for Mitchell, the party against whom it was produced and used, found the lease, with some other papers not marked, filed in the court-room, where the trial had taken place. He took the lease, and, instead of returning it to the opposite party, to whom it belonged, he attached it to a *dedimus* and sent it to California, the residence of the witness whose testimony he wished to take, to be read in this cause in the Circuit Court. Of this he subsequently informed the counsel of Jacobs, stating, at the same time, that he had no doubt it would be back in time for the trial. In this he was disappointed; for the commission was not returned at the time of the trial, and consequently the lease was not produced. Under these circumstances, we think the Circuit Court properly admitted secondary evidence of its contents. The party could not produce it. It was absent without his consent or fault. It was beyond the jurisdiction of the court, so that it could not be reached by legal process. But above all, it was placed thus beyond the power of the party or the court by the opposite party. He had taken the lease, knowing that it belonged to Jacobs, to whom, he also knew, it was indispensable on the trial, and without the consent of Jacobs, had sent it to California. To allow him, therefore, to say that Jacobs should apply for a continuance of the cause, or forego indispensable evidence on the trial, would be allowing Mitchell to take advantage of his own wrong. After placing

Jacobs in this position, the least he could do, to repair the wrong which he had done him by putting his primary evidence beyond his reach, was to consent that he should give secondary evidence of its contents; and, under the circumstances, even very strict proof of that should not have been required.

The court committed no error in admitting the evidence, and the judgment must be affirmed.

*Judgment affirmed.*