Chicago Paint & Wall Paper Co. v. Hollahan.

---

## Chicago Paint and Wall Paper Co. v. Jesse L. Hollahan et al.

1. WAIVER—*Of Irregularities in Perfecting Appeals.*—An irregularity in failing to perfect an appeal from a justice of the peace to the Circuit Court until twenty-six days after the entry of the judgment by the justice, may be waived by the entry of a general appearance in the Circuit Court by the appellee.

Motion, to dismiss an appeal. Appeal from the Superior Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed December 28, 1896.

### STATEMENT OF THE CASE.

December 16, 1895, the plaintiff below perfected its appeal to the Circuit Court of Cook County, from a judgment rendered by a justice of the peace against it on November 20, 1895, for possession of certain property, and $10 damages and costs, in favor of appellees. January 2, 1896, being the December term of the Circuit Court, appellees entered their general appearance in that court. February 10, 1896, being the January term, appellees moved the Circuit Court to dismiss the appeal from the justice with statutory dam-

ages, for reasons appearing in the transcript. Whereupon the court ordered the appeal dismissed for want of jurisdiction, with statutory damages and *procedendo*, from which order this appeal is prosecuted.

The only ground of dismissal appearing from the transcript is that the judgment before the justice was rendered on November 20, 1895, and the appeal to the Circuit Court was not perfected until December 16th, twenty-six days later.

SAMUELS & SELIGMAN, attorneys for appellant.

No appearance for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellees having entered in the Circuit Court their general appearance, thereby waived all irregularities in the means by which that court acquired jurisdiction of the cause.

The trial in the Circuit Court was to be *de novo*, and the irregularity of failing to perfect the appeal until twenty-six days after the judgment by the justice, could be waived. Mitchell v. Jacobs et al., 17 Ill. 235; Randolph v. Emerick, 13 Ill. 344; Gallimore v. Dazey, 12 Ill. 143.

The judgment of the Circuit Court is reversed and the cause remanded.