(No. 20063.—

SAMUEL BROWN, Appellant, *vs.* J. H. E. VANKEUREN *et al.* Appellees.

*Opinion filed June 20, 1930.*

GALLAGHER, SHULMAN & ABRAMS, for appellant.

ERNEST KENTWORTZ, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, Samuel Brown, filed his petition in the circuit court of Cook county directed against appellees, J. H. E. VanKeuren, an acting judge of Cook county, Robert M. Sweitzer, clerk of the county court of Cook county, and others, for a writ of *certiorari* to review certain proceedings had in the county court of Cook county upon the petition of Robert E. Crowe, then State's attorney of Cook county, against appellant and others, for the support of certain grandchildren under the Paupers act. The petition alleges that a hearing was had on the complaint in the county court without service upon appellant; that a judgment was entered against him ordering him to make weekly payments for the support of the grandchildren; that he prayed an appeal, which was allowed; that he was thereafter advised that no appeal would lie from the judgment nor could the matter be taken up by writ of error; that his only remedy was by petition for writ of *certiorari,* and that the Paupers act of March 23, 1874, was unconstitutional. Leave was given to file the petition, the writ of *certiorari* issued, return duly made, a hearing had in the circuit court, a judgment order entered therein finding that the appellant was not able to sustain the material allegations of the petition, dismissing the petition and quashing the writ of *certiorari* theretofore issued. An appeal has been prayed to this court on the ground that the constitutionality of a statute is involved.

This is a purely statutory proceeding, jurisdiction of which is conferred upon the county court by the Paupers

act,—an act which is complete in itself and which does not provide for an appeal or other mode for reviewing the proceedings. The law is well settled in this State that the circuit courts may award the common law writ of *certiorari* to all inferior tribunals and jurisdictions within the State where it appears that they have exceeded the limits of their jurisdiction or where they have proceeded illegally and no appeal is allowed or other mode provided by law for reviewing their proceedings. (*People* v. *Wilkinson,* 13 Ill. 660.) In *Kinsloe* v. *Pogue,* 213 Ill. 302, it was held that the circuit court may award the common law writ of *certiorari* to the county court to review its proceedings in statutory proceedings where its decision is final and where the legislature has failed to provide for a review of its decision.

The only office which the common law writ of *certiorari* performs is to bring before the court the record of the proceedings of an inferior tribunal for an inspection by a superior tribunal. The superior tribunal, upon an inspection of the record, alone, when the writ is sufficient and the writ has been properly issued, determines whether the inferior tribunal had jurisdiction of the parties and of the subject matter, and whether it has exceeded its jurisdiction or has otherwise proceeded in violation of law. *Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 216; *Cass* v. *Duncan,* 260 id. 228; *Highway Comrs.* v. *Supervisors of Carthage,* 27 id. 140.

It is claimed by appellant that the county court did not have jurisdiction over his person, in that the summons issued in the cause was not served upon him but was returned by the sheriff "not found." On the return day of the summons appellant was present in court with his attorney. He was called as a witness by the opposite party. This did not constitute an appearance in court on his part and did not give the court jurisdiction over him. However, thereafter, during the trial, his attorney cross-examined witnesses upon questions going to the merits of the case, made motions in

the case and submitted propositions of law in an attempt to make a defense upon the merits. While a defendant may stand on all his legal rights and require all the forms of law to be pursued before he can be required to answer, in a case of which the court has general jurisdiction he may dispense with the process altogether, waive irregular process and appear in the case. (*Mitchell* v. *Jacobs,* 17 Ill. 235; *Coleen* v. *Figgins,* Breese, 19.) Where a defendant is in court and attempts to make a defense which can only be sustained by an exercise of jurisdiction the appearance is general, whether it is in terms limited to a special purpose or not. (*People* v. *Southern Gem Co.* 332 Ill. 370; *City of Rock Island* v. *Chippiannock Cemetery Ass'n,* 328 id. 236.) Appellant's conduct, as above stated, constituted a general appearance on his part, and he cannot now be heard to claim that the court did not have jurisdiction of his person. *Price* v. *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* 40 Ill. 44.

Where a court is exercising special statutory jurisdiction the record must show upon its face that the case is one where the court has authority to act. Before the decree can have vitality the court must have jurisdiction not only of the person but of the subject matter. (*Rabbitt* v. *Weber & Co.* 297 Ill. 491.) Jurisdiction in such cases is never presumed, and if it does not appear the judgment will be void. Whatever the rank of the court exercising a special statutory jurisdiction, it is governed by the same rules as courts of limited jurisdiction. The petition required to put the court in motion and give it jurisdiction must be in conformity with the statute granting the right and must show all the facts necessary to authorize it to act,—*i. e.,* it must contain all the statements which the statute says the petition shall state,—and if the petition fails to contain all of these essential elements the court is without jurisdiction. *Hook* v. *Wright,* 329 Ill. 299; *Musselman* v. *Paragnik,* 317 id. 597; *Keal* v. *Rhydderck,* 317 id. 231.

The act under which these proceedings were had is entitled, "An act to revise the law in relation to paupers." All of its provisions are with reference to paupers and the only proceedings authorized by the act are those with reference to paupers. Webster's New International Dictionary gives as the definition for the word "pauper," "a person destitute of means except as are derived from charity; specifically, one who receives aid from public poor funds." The Paupers act provides the following classes and the order in which they shall be called upon to support paupers in proceedings under the act, and no person in any class is to be called upon for such support provided that persons of the preceding class shall be of sufficient ability to provide such support: First, children, next parents, next brothers and sisters, next grandchildren, and next grandparents. The statute provides that upon failure of any such relative or relatives to give such support it shall be the duty of the State's attorney to make complaint thereof to the county court of his county against all the relatives of such pauper in this State liable to his support and to prosecute the same. The complaint of the State's attorney in this case alleges that Albert Brown, aged five, Ralph Brown, aged four, and Paul Brown, aged three, are poor persons, unable to earn a livelihood in consequence of age and bodily infirmity, and alleges that Samuel Brown, grandfather, Mayer and Fannie Stalsky, grandparents, are persons of sufficient ability to provide for the support of said grandchildren but refuse to do so.

The father and mother of the minors were both living and neither of them was named in the complaint, as required by the statute. There is no allegation in the complaint that the father and mother were not fully able to support the minors. There is no allegation in the complaint that the minors were destitute of means except such as were derived from charity, neither is there any allegation that the authorities having charge of the poor had ever contributed to their support or been called upon to contribute

to their support, neither is there any fact stated from which it can be inferred that in the future such authorities or charitable persons would be called upon to contribute to their support. In other words, there is no allegation in the complaint that the minors are paupers nor are facts stated from which it can be inferred that they are liable in the immediate future to become paupers. These allegations were all material allegations necessary to be contained in the complaint in order to authorize the county court to proceed in the premises. Its decree was therefore void, and the circuit court erred in not quashing the proceedings of the county court.

The decree of the circuit court is therefore reversed and the cause remanded to that court, with directions to enter a decree quashing the proceedings of the county court.

*Reversed and remanded, with directions.*