**ALDERMAN et al. v. ELGIN, J. & E. RY. CO.**

No. 7717.

Circuit Court of Appeals, Seventh Circuit.

Feb. 10, 1942.

John H. Gately and Maurice J. Walsh, both of Chicago, Ill., for appellants.

Harry I. Allen and Paul R. Conaghan, both of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is an action for breach of a contract of employment brought by several employees as plaintiffs against the defendant, the Elgin, Joliet and Eastern Railway Company. Each plaintiff's right is of equal dignity with that of every other. The District Court entered a summary judgment in favor of the defendant. The defendant is an Illinois corporation.

The complaint alleges:

"That more than one-half of the plaintiffs herein are citizens of the State of Indiana and the defendant herein is a corporation incorporated under the laws of the State of Illinois."

Since nothing in the record changes the effect of this allegation and since the action is not a class action, this court, on oral argument, rightly raised the question of federal jurisdiction. Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535; United Lens Corporation v. Doray Lamp Co., 7 Cir., 93 F.2d 969.

Recognizing the well-established rule that in an action in which federal jurisdiction is dependent upon diversity of citizenship, each plaintiff must be of citizenship diverse to that of each defendant, 28 U.S.C.A. § 41(1); Treinies v. Sunshine Mining Co., 308 U.S. 66, 71, 60 S.Ct. 44, 84 L.Ed. 85,[1] plaintiffs filed a motion in this court to amend the pleadings by striking therefrom certain plaintiffs who are citizens of Illinois, leaving as plaintiffs only citizens of Indiana. The defendant interposed no objection to the granting of this motion. In fact, counsel for both plaintiffs and defendant filed briefs in support of this court's power to grant the motion

---

[1] No question is presented here as to nominal or formal parties.

and of its subsequent jurisdiction. The cases cited, however, refer to amendments in the trial court.

None of the plaintiffs whom it is moved to strike are indispensable parties, and such a motion, if made at the trial court, at least if made before a final hearing, should be granted by the trial court. Armstrong v. New La Paz Gold Mining Co., 9 Cir., 107 F.2d 453; Drumright v. Texas Sugarland Co., 5 Cir., 16 F.2d 657; Hazeltine Research Corporation v. Freed-Eisemann Radio Corporation, D.C., 4 F.2d 867; cf. Conolly v. Taylor, 2 Pet. 556, 27 U.S. 556, 7 L.Ed. 518.

 On appeal we must, as to jurisdiction, deal with the record as we find it. Where the record reveals no jurisdiction, we are powerless to do anything but recognize the defect. In Dollar S. S. Lines, Inc., et al. v. Merz, 9 Cir., 68 F. 2d 594, 597, a case similar to this on the jurisdictional question presented,' the court said:

"But, where the reviewing court is in fact without federal jurisdiction as to any of the parties in the case as presented to it, the defect, in our judgment, is not technical; this court is without power to permit an amendment, but must remit the case to the District Court."

The court held that the case should be remanded to the District Court with directions to allow the plaintiff so to amend his pleadings as to bring the case within federal jurisdiction and, if a proper amendment was made, to allow a new trial. The writer of the opinion thought that the trial court should be allowed either to grant a new trial, or, after amendment, to enter judgment on the original verdict against the remaining defendants, the latter action not to be taken if the parties remaining had been prejudiced by being tried with the parties later stricken. We agree with the writer of the opinion. International Ladies' Garment Workers' Union, et al. v. Donnelly Garment Co. et al., 8 Cir., 121 F.2d 561, 563.

There is another reason this case, as presented, is not within federal jurisdiction. The amount of damages claimed by two Indiana plaintiffs is three thousand dollars. Whether the amount in controversy is sufficient is governed by the amount claimed. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845. Since the statute requires that the amount in controversy exceed three thousand dollars, exclusive of interest and costs, these two plaintiffs are not entitled to sue in a federal court. 28 U.S.C.A. § 41(1); Athan v. Hartford Fire Ins. Co., 2 Cir., 73 F.2d 66; Royal Ins. Co. of Liverpool, Eng. v. Stoddard, 10 Cir., 201 F. 915. Two of the plaintiffs not being able to sue the defendant in a federal court, federal jurisdiction fails. This defect, likewise, may be cured by amendment in the trial court.

The motion to amend filed in this court is, for the reasons hereinbefore given, denied. On remand the District Court may allow amendments to cure the jurisdictional defects noted and in the absence of such amendments shall dismiss the case without prejudice.

Judgment is reversed with directions to proceed in accordance with this opinion.