**SCHUCKMAN v. RUBENSTEIN et al.**

No. 10493.

Circuit Court of Appeals, Sixth Circuit.

Dec. 12, 1947.

Maurice J. Dix, of New York City (Henry A. Rocker, of Cleveland, Ohio, and Maurice J. Dix, of New York City, on the brief), for appellant.

Arthur L. Dougan, of Cleveland, Ohio (Arthur L. Dougan, of Cleveland, Ohio, and J. Malcolm Strelitz, of Marion, Ohio, on the brief; Jones, Day, Cockley & Reavis, of Cleveland, Ohio, and Strelitz, Dowler & Halberstein, of Marion, Ohio, of counsel), for appellees.

Before HICKS, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Lucille Schuckman, appeals from an order dismissing her complaint by which she sought a judgment requiring the defendants-appellees as directors of the Marion Power Shovel Company to declare dividends on preferred stock owned by her in the appellee-company.

The complaint, filed on January 3, 1947, states that the plaintiff, a citizen and resident of New York, is the owner of shares of the 7% preferred stock of the Marion Power Shovel Company, an Ohio corporation; that the individual defendants constitute seven out of nine of the directors of the company; that the defendants, Gracely, Grant, Montrose, Rubenstein and Strelitz are citizens and residents of Ohio, the defendant Hewitt is a citizen and resident of New Jersey, the defendant Pell a citizen and resident of Connecticut, and that the two remaining directors, Diefenbach and Terry, who are not made parties-defendant, are citizens and residents of New York. Jurisdiction is claimed through

diversity of citizenship and the amount in controversy. It further alleges that there was an authorized issue of 31,000 shares of 7% preferred stock, of which approximately 13,291½ shares have been retired under a plan put into effect by the company's directors, leaving presently outstanding 17,778½ shares; that under the company's charter provisions the holders of preferred stock are entitled to receive, when and as declared by the Board of Directors, dividends at 7% per annum payable quarterly, which dividends are cumulative; no dividends were paid on the preferred stock from October 1, 1930 to July 1, 1943, when a 1¾% dividend was paid; that from October 1, 1943 to the date of filing the action no dividends were paid, and that dividends on the said preferred stock for 64 quarters remain unpaid amounting to $112 per share; that during the periods in which no dividends were declared or paid on the preferred stock the company had surplus profits and earnings available for said dividends, but that said surplus profits and earnings were diverted to the elimination of the company's obligations prior to the company's common stock, which was owned or controlled by the individual defendants and the other directors in order to enhance the common stock and put it on a dividend basis, and that the company's directors, of which the defendants constituted a majority, fraudulently, in bad faith, and wrongfully refused to declare and pay dividends on the preferred stock, except on conditions that would benefit the holders of the company's common stock to the injury of the holders of the preferred stock. The complaint states that no relief was sought against the directors as individuals but that the action was prosecuted on behalf of the appellant and all other preferred sharcholders similarly situated against the directors in their capacity as directors of the company for the purpose of compelling the declaration and payment of dividends on the company's outstanding 7% preferred stock.

The defendants, Gracely, Montrose, Strelitz, and the Company moved to dismiss the action for the reasons (1) there was no diversity of citizenship between plaintiff and defendants, (2) because the complaint failed to state a claim against the defendants, and (3) because the Court lacked jurisdiction over the persons of the defendants in an action of this type. In support of this motion they filed the affidavit of M. Virden, the Secretary of the Company, stating that Montrose's resignation as a director was accepted on January 6, 1947, prior to any knowledge of the affiant of the institution of the suit, and that the vacancy in the board of directors had not been filled; the affidavit of Rubenstein stating that he was and had been for 10 years a resident of Massachusetts; and the affidavit of Grant stating that he was and had been for 10 years a resident of New York. This motion was sustained on grounds 2 and 3 and the Court entered the order dismissing the complaint.

Although the District Court based its ruling on the second and third grounds stated in the motion to dismiss, it appears that the ruling should be sustained also on the first ground stated in the motion, namely, lack of diversity of citizenship. The complaint alleged that the defendant Grant was a resident of the State of Ohio, which furnished diversity of citizenship between him and the plaintiff. This allegation was put in issue by the motion to dismiss and the affidavit filed by the defendants-appellees that Grant was a resident of New York. Upon the issue so raised the burden of proof rested upon the appellant, which burden was not met. It was not only incumbent upon the appellant to properly allege the necessary jurisdictional facts but where the jurisdictional issue was raised to also prove their existence in order to maintain the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951. It is well settled that when federal jurisdiction is grounded on diversity of citizenship such diversity of citizenship must exist between all the plaintiffs on the one hand and all the defendants on the other. Indianapolis v. Chase National Bank, 314

U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. If one of the defendants is an indispensable party to the action, and his joinder in the suit destroys diversity of citizenship, he must nevertheless be joined as a party with the resulting loss of jurisdiction by the trial court. Baltimore & Ohio R. v. Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834. Even where a defendant, being a citizen of the same state of which one of the plaintiffs is also a citizen, is not an indispensable party, but nevertheless a proper party, his joinder as a defendant by the plaintiff destroys the necessary diversity of citizenship. Although this defect can be remedied in the trial court by permitting the action to be dismissed as to such defendant, such action can not be taken in the Appellate Court, where the case is controlled by the record made during the trial. Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115; Dollar S. S. Lines v. Merz, 9 Cir., 68 F.2d 594; International Ladies Garment Workers Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561; Alderman v. Elgin, J. E. R. Co., 7 Cir., 125 F.2d 971. See also Continental Insurance Co. v. Rhoads, 119 U.S. 237, 7 S.Ct. 193, 30 L.Ed. 380; Halsted v. Buster, 119 U.S. 341, 7 S.Ct. 276, 30 L.Ed. 462. Although this rule does not apply when such a defendant is merely a nominal or formal party, in which cases his joinder may be disregarded, yet in the present case Grant was at least a proper party to the action, regardless of whether or not he was an indispensable party. His joinder as a defendant and the failure to at any time dismiss the action as to him destroys the diversity of citizenship necessary to give the District Court jurisdiction.

Considering, however, the other grounds of the motion, a preliminary question arises with respect to how many of the nine directors are before the court in this action. Appellant claims that four of them, namely, Gracely, Strelitz, Rubenstein and Montrose, are subject to the court's jurisdiction. Appellees contend that only Gracely and Strelitz are before the court; that Rubenstein is a non-resident who was not served with process and has not entered his appearance; and that Montrose's resignation as a director before he was served with process eliminated him as a director defendant. We agree with the appellees.

■■ It is clear that Rubenstein is not before the court unless his appearance was entered by the filing of his affidavit by other defendants in support of their motion to dismiss. Rubenstein did not join in the motion. This does not constitute "submission through conduct," as claimed by appellant within the ruling in Freeman v. Bee Machine Co., 319 U.S. 448, 453, 63 S.Ct. 1146, 1149, 87 L.Ed. 1509. In that case the defendant was personally served in a state court action in Massachusetts and after its removal to the federal court entered a general appearance and filed a counterclaim. Although he then returned to Ohio and was not physically present in Massachusetts, yet he was still before the court in its disposition of an amended complaint filed after he left Massachusetts. The Court properly held that having invoked the jurisdiction of the court by filing the counterclaim, he was subject to its jurisdiction for all phases of the suit. The participation in the trial of a case by a nonresident defendant as a witness for another party does not enter his appearance to the action. First Regular Baptist Church v. Allison, 304 Pa. 1, 154 A. 913. See also Brown v. Van Keuren, 340 Ill. 118, 172 N.E. 1; Cahill-Swift Mfg. Co. v. Hayes, 97 Kan. 740, 156 P. 735.

■ The acceptance by the Board of Directors of Montrose's resignation as a director on January 6, 1947 terminated his status as a director. It seems clear as a general rule, in the absence of statutory restrictions or limitations in the by-laws of a corporation, that a director may resign and discontinue his status as a director before the expiration of the term for which he was elected. We are of the opinion that Section 8623-55 of the Ohio General Code providing that the Articles of Incorporation may fix the term of office of directors at not more than three years and until the election and qualification of their successor, and that unless the Articles otherwise provide the directors shall hold office for one year and until their successors are chosen and qualified, subject to the provisions relating to the creation of vacancies, does

not change the general rule. The Articles of Incorporation are not shown by the record. Such a provision for continuance in office merely means that directors hold over after the expiration of their original terms in the event that their successors have not been elected or have not qualified; it is not designed to prevent a director from relinquishing his office prior thereto if he in good faith so desires. Briggs v. Spaulding, 141 U.S. 132, 154, 11 S.Ct. 924, 35 L.Ed. 662; Fearing v. Glenn, 2 Cir., 73 F. 116, 119; Western Pattern & Mfg. Co. v. American Metal Shoe Co., 175 Wis. 493, 185 N.W. 535, 20 A.L.R. 264; Bartholomew v. Bentley, 1 Ohio St. 37, 42; Security Investors Realty Co. v. Superior Court of Los Angeles County, 101 Cal.App. 450, 281 P. 709; DuBois v. Century Cement Products Co., 119 N.J.Eq. 472, 183 A. 188. There are some decisions indicating a possible contrary view, but upon examination they appear not applicable as they deal with situations where the resignation has not been accepted or where service of process against the corporation is the issue. See Ross v. Western Land & Irrigation Co., D.C.S.D. Iowa, 223 F. 680, S.D.Iowa and Annotation on the subject in 20 A.L.R. 267. There is nothing in the record challenging the good faith of the resignation in question.

 If it is necessary that the District Court have jurisdiction over a majority of the nine directors in order to direct the payment of a dividend, it follows that its failure to acquire jurisdiction of more than two of the directors requires that the complaint be dismissed. It is settled that failure of the district court to acquire jurisdiction over indispensable parties to an action deprives the court of jurisdiction to proceed in the matter and render a judgment. Minnesota v. Northern Securities Co., 184 U.S. 199, 235, 22 S.Ct. 308, 46 L. Ed. 499; Jones v. Gould, 6 Cir., 149 F. 153, 159; Brown v. Christman, 75 U.S.App.D.C. 203, 126 F.2d 625, 631, 632. The application of this rule is not affected by the provisions of § 50 of the Judicial Code, § 111, Title 28 U.S.C.A. That section applies to proper or necessary parties, but not to indispensable parties. Swan Land & Cattle Co. v. Frank, 148 U.S. 603, 611, 13 S.Ct. 691, 37 L.Ed. 577; Roos v. Texas Co., 2 Cir., 23 F.2d 171.

The issue thus presented is whether or not a majority of the board of directors are indispensable parties to the action. An indispensable party is a person who has an interest in the controversy "of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." Minnesota v. Northern Securities Co., supra, 184 U.S. at page 236, 22 S.Ct. at page 322.

 The declaration of a dividend is largely a matter of discretion with the board of directors and there will be no interference by the courts with the board's decision unless this discretion has been wilfully abused or the directors have been guilty of bad faith or a neglect of duty. The court itself can not declare a dividend; its power is limited to a judgment in personam against the members of the board. Johnson v. Lamprecht, 133 Ohio St. 567, 15 N.E.2d 127; Dodge v. Ford Motor Co., 204 Mich. 459, 500, 170 N.W. 668, 3 A.L.R. 413; Kales v. Woodworth, 6 Cir., 32 F.2d 37, 39. The Ohio Statutes, applicable to the defendant corporation, vest the authority of the corporation to act in its board of directors, provide that a majority of the board shall be necessary to constitute a quorum and the act of a majority present at a meeting at which a quorum is present shall be the act of the board of directors, and prohibit the directors from declaring a dividend except under such circumstances as set out in the statutes. Ohio General Code, §§ 8623-38, 8623-55, 8623-58, 8623-123b. Jurisdiction over only two of the nine directors in this case made it impossible for the court to render an effective decree. At least three other directors were indispensable parties to the suit. Tower Hill Connellsville Coke Co. v. Piedmont Coal Co., 4 Cir., 33 F.2d 703, 706. The opinion in that case correctly differentiates between a case involving the declaration of a dividend and a case involving the appointment of a receiver. See Krouse v. Brevard Tannin Co., 4 Cir., 249 F. 538. Directors of a corporation act as members of a board, not as individuals; it is their joint action that becomes the act of the corporation. This

requires that the directors meet together at the same place and at the same time with the result that the action of the board is directed to facts and conditions existing and considered at that time. It is contrary to settled principles of corporation law that a dividend can be declared by a corporation through the action of a minority of its board being in favor of and voting for such a dividend at one time and other directors, also constituting a minority, being in favor of and voting for a dividend at an entirely different time. Due to different conditions existing at different times and the necessity of joint consideration of the factors involved and the reasons presented by the different directors both for and against the declaration of a dividend, joint action of a majority of the directors at the same time is a necessary requirement. These fundamental principles answer appellant's contention that judgment should be rendered in this case against the two directors over whom the court has jurisdiction, and that the execution of the judgment be held in abeyance until similar judgments can be obtained later against three other directors in suits filed in other jurisdictions. The indispensable party rule referred to above embodies the idea that all indispensable parties must be joined in one suit, in which one judgment determines the issue involved.

■■■ Appellant claims that her complaint also states a cause of action against the corporation alone in seeking a recovery for dividends previously declared in common stock but not paid, and that in such an action the directors are not necessary parties. If the complaint alleges such a cause of action her position is well taken. General Investment Co. v. Lake Shore & M. S. R. Co., 6 Cir., 250 F. 160, 170 through 173, 6 Cir., 269 F. 235, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244. But we do not find any allegations in the complaint alleging the prior declaration of a dividend which has not been paid. It merely states that the corporation's charter was amended about April 3, 1946 by increasing the company's common stock from 100,000 to 400,000 shares, under a plan by which one-half of the outstanding 7% preferred stock was exchanged into common stock and retired. The terms of the charter amendment are not set out;

the complaint does not allege that any dividend of common stock was declared or that the exchange of preferred stock for common stock was compulsory. The reasonable inference from all the allegations of the complaint is that the company made an offer of exchange of common stock for preferred stock with unpaid accumulated dividends, which some of the preferred stockholders accepted and which others, including the plaintiff, did not. The complaint specifically prays for the declaration of a dividend; not for the payment of a dividend already declared. The present contention is obviously an afterthought.

■■■ On March 25, 1947, while the motion to dismiss was pending, the appellant filed a motion for leave to file a supplemental complaint, in which it was alleged that the company had called its annual stockholders' meeting to be held in Marion, Ohio, on April 7, 1947, for the purpose among others, of effecting a reduction of the company's capital from $5,001,186.05 to $3,860,050 by changing the outstanding common shares without par value into common shares with the par value of $10 each; that the proposed reduction would take away $1,151,136.05 capital, which in the event of liquidation or dissolution of the company would safeguard the preferred stock, and would enable the payment of dividends on the common stock to the loss and injury of the preferred stockholders. It prayed that the compay be restrained from making the proposed change. The District Court denied the motion at the same time it ordered the original complaint dismissed, of which ruling the appellant also complains. Rule 15(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the Court may upon such terms as are just permit a party to serve a supplemental pleading setting forth events which have happened since the date of the pleading sought to be supplemented. See Hillgrove v. Wright Aeronautical Corp., 6 Cir., 146 F.2d 621. The granting or refusing of leave to file such a supplemental pleading rests in the discretion of the trial court, and is not reviewable unless there has been a gross abuse of such discretion. General Investment Co. v. Lake Shore & M. S. R. Co., supra (6

Cir., 250 F. 160, 177, Id., 260 U.S. 261, 282, 283, 43 S.Ct. 106, 67 L.Ed. 244). The original complaint attempted to proceed against the directors to compel the declaration of a dividend; the supplemental complaint was directed against the corporation to enjoin action on its part, and was made while the motion to dismiss was under submission. We do not believe that the trial judge abused the discretion resting in him when in dismissing the complaint he also denied the motion to file a supplemental complaint alleging a different cause of action against a different defendant. Such a claim can be properly litigated in a different suit if the appellant so desires.

The order dismissing the complaint does not expressly state that it is dismissed without prejudice to a later consideration of the issue by a court acquiring jurisdiction, although no doubt that is its effect. In order that it be so understood, the decree will be modified so as to dismiss the complaint without prejudice. Swan Land & Cattle Co. v. Frank, supra, 148 U.S. 603, 612, 13 S.Ct. 691; General Investment Co. v. Lake Shore & M. S. R. Co., supra, 6 Cir., 250 F. 160, 173.

The judgment of the District Court so modified is accordingly affirmed.