**John W. CARSON and Joanna Holland, Plaintiffs-Appellants,**

**v.**

**ALLIED NEWS CO., an Illinois Corporation, et al., Defendants-Appellees.**

**No. 74–1258.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 20, 1975.

Decided Feb. 28, 1975.

---

**31.** United States v. Brickey, 426 F.2d 680, 688 (8th Cir.), cert. denied, 400 U.S. 828, 91 S.Ct. 55, 27 L.Ed.2d 57 (1970).

**32.** *Id.*

Paul M. Levy, Terry L. Engel and Earl A. Deutsch, Chicago, Ill., for plaintiffs-appellants.

Burton Joseph, Jack Joseph, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, STEVENS, Circuit Judge, and MARKEY,* Chief Judge.

STEVENS, Circuit Judge.

In their original complaint for libel, plaintiffs alleged that they were New York "residents"; in their amended complaint they alleged that they were California "residents." Among the eight defendants are two distributors allegedly citizens, respectively, of New York and California.[1] Presumably, though the pleadings are silent on the point, plaintiffs intended to invoke federal jurisdiction under 28 U.S.C. § 1332(a)(1). The absence of complete diversity was apparently unnoticed in the district court, where a summary judgment on the merits was entered for defendants. After we called the parties' attention to the jurisdictional defect, both urged us to decide the merits and to dismiss the nondiverse defendants.[2] The question is whether we have such power and, if so, whether this is an appropriate case for its exercise.

At best, our power is extremely doubtful. In a comparable situation in 1942, we held that we must "deal with the record as we find it" and "are powerless" to do anything other than to recognize the jurisdictional defect and remit the case to the district court. Alderman v. Elgin, Joliet & Eastern Ry., 125 F.2d 971, 973. Specifically, we held that we could not allow the plaintiff to amend his pleading by striking dispensable parties in order "to bring the case within federal jurisdiction." Ibid.[3]

Alternatively, plaintiffs-appellants urge us simply to ignore the nondiverse defendant(s)' citizenship, arguing that they are merely "nominal," "unnecessary" or "formal" parties within the meaning of Wormley v. Wormley, 21 U.S. (8 Wheat.) 421, 5 L.Ed. 651; Roth v. Davis, 231 F.2d 681, 683 (9th Cir. 1956); Hann v. City of Clinton, 131 F.2d 978, 981 (10th Cir. 1942); and the cases cited therein. It is clear, however, that these distributors are not "formal" or "unnecessary" parties within the meaning of these decisions; plaintiffs sought to recover $1 million in damages from each. While their presence in the suit is "unnecessary" in terms of recovering from National Insider, Inc., and from the other diverse distributors, we cannot ignore the absence of complete diversity created by their joinder in this cause of action. See Schuckman v. Rubenstein, 164 F.2d 952, 956 (6th Cir. 1947), cert. denied, 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151.

Defendants requested us to reach the merits by dismissing the nondiverse distributor or distributors.

---

* Chief Judge Howard T. Markey of the United States Court of Customs and Patent Appeals is sitting by designation.

1. In paragraph 5 of Count III of their complaint, plaintiffs alleged that "defendant, Metropolitan News Co., is a corporation, and maintained and does maintain its principal place of business in the City of New York and State of New York." In paragraph 6 they alleged that "defendant, Sunset News Co., is a corporation, and maintained and does maintain its principal place of business in the City of Los Angeles, County of Los Angeles and State of California." See 28 U.S.C. § 1332(c).

2. We requested the parties to file supplemental memoranda discussing the jurisdictional problem. Neither party made any formal motion to amend the pleadings or to dismiss any of the defendants. In their memorandum, plaintiffs requested us to consider the appeal on its merits

"and in the event that it determines such appeal to be meritorious as to the real and substantive parties defendant, . . . then and in that case it may shape its remand order so that the motion to dismiss the unnecessary party defendant which destroyed the diversity may be made to the District Court prior to any further proceedings that may be appropriate in such court. . . . . ."

3. See also Wells v. Universal Pictures Co., 166 F.2d 690, 692 (2d Cir. 1948); Schuckman v. Rubenstein, 164 F.2d 952, 956 (6th Cir. 1947), cert. denied, 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 121 F.2d 561, 563 (8th Cir. 1941); Levering &

Logically, it might be argued that if the district court has the power to create jurisdiction retroactively by dismissing a nondiverse defendant, *see* Kerr v. Compagnie De Ultramar, 250 F.2d 860, 862–864 (2d Cir. 1958), we should have like authority. Since the ability of the district court to perfect its jurisdiction in this manner may rest either on its inherent powers or on a liberal construction of Rule 15(a) of the Federal Rules of Civil Procedure, *see Kerr, supra,* at 864, it is conceivable that 28 U.S.C. § 1653, which was enacted subsequent to our *Alderman* decision, might be read to give us such jurisdiction.[4]

■ Even assuming that the jurisdictional argument is tenable, notwithstanding the unbroken line of authority to the contrary, we are satisfied that this is not an appropriate case in which the appellate court should dismiss a nondiverse party. There is some ambiguity as to whether both the New York and the California distributors, or just one of the two, should be dismissed. Moreover, though plaintiffs have alleged the principal places of business of the other defendants, they have not alleged such defendants' places of incorporation, and, therefore, the allegations of citizenship are insufficient. 28 U.S.C. § 1332(c). Finally, if the case is remanded to the district court, and the pleadings are reframed there, the district judge will have an opportunity to reexamine the merits in the light of an arguably relevant and important intervening decision of the United States Supreme Court. *See* Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

Accordingly, the judgment of the district court is vacated. On remand, the district court should allow amendments to cure the jurisdictional defects noted and, in the absence of such amendments, shall dismiss the case without prejudice. *See Alderman, supra,* 125 F.2d at 973.

Vacated.

---

Garrigues Co. v. Morrin, 61 F.2d 115, 121 (2d Cir. 1932), aff'd on other grounds, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062.

4. 28 U.S.C. § 1653 provides:
"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Since it is settled that this statute permits an amendment to correct a jurisdictional allegation which was defective because it described the residence rather than the citizenship of a party, *see* Burnstein v. Columbia Broadcasting System, Inc., 291 F.2d 8, 9–10 (7th Cir. 1961), and since the rule forbidding the appellate court to allow an amendment to correct a defective jurisdictional allegation was developed in precisely that type of case, *see* Denny v. Pironi, 141 U.S. 121, 123–124, 11 S.Ct. 966, 35 L.Ed. 657; Continental Life Insurance Company v. Rhoads, 119 U.S. 237, 240, 7 S.Ct. 193, 30 L.Ed. 380; Morgan's Executor v. Gay, 86 U.S. (19 Wall.) 81, 83, 22 L.Ed. 100, it is arguable that the statute has removed the predicate for our decision in *Alderman, supra.*

On the other hand, the predecessor to § 1653, 28 U.S.C. § 399 (1940), provided, in relevant part:
"Where, in any suit brought in  .  .  .  any district of the United States, the jurisdiction of the district court is based upon the diverse citizenship of the parties, *and such diverse citizenship in fact existed at the time the suit was brought  .   .   .,* though defectively alleged, either party may amend at any stage of the proceedings and in the appellate court upon such terms as the court may impose, so as to show on the record such diverse citizenship and jurisdiction, and thereupon such suit shall be proceeded with the same as though the diverse citizenship had been fully and correctly pleaded at the inception of the suit  .   ..*"* (Emphasis added).

On two occasions, the courts construed § 399 not to permit amendments in the court of appeals striking nondiverse parties. International Ladies' Garment Workers' Union v. Donnelly Garment Co., *supra,* 121 F.2d at 563; Levering & Garrigues Co. v. Morrin, *supra,* 61 F.2d at 121.

When § 399 was revised and recodified as § 1653 in 1948, the legislative history indicates that the "[s]ection was extended to permit amendment of all jurisdictional allegations instead of merely allegations of diversity of citizenship as provided by section 399 of title 28, U.S.C., 1940 ed." H.R.Rep.No.308, 80th Cong., 1st Sess. A145 (1947). We need not in this case decide whether an amendment striking a nondiverse party is an amendment of a "jurisdictional allegation" within the meaning of § 1653.