**John W. CARSON and Joanna Holland, Plaintiffs,**

v.

**ALLIED NEWS CO., an Illinois Corporation, and National Insider, Inc., an Illinois Corporation, Defendants.**

No. 72 C 1145.

United States District Court,
N. D. Illinois, E. D.

Sept. 28, 1979.

Paul M. Levy and Richard A. Schulman, Deutsch, Peskin & Levy, Chicago, Ill., for plaintiffs.

Burton Joseph and C. S. Lipnick, Lipnick, Barsy & Joseph, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiffs, John W. Carson and his wife Joanna Holland Carson, brought this diversity action, seeking compensatory and punitive damages from the Allied News Company and National Insider, Inc. for an allegedly libelous article appearing in the April 9, 1972, issue of the National Insider, a tabloid periodical. The article stated that Mr. Carson moved his television show from New York to Los Angeles to be near his second wife before they were married and also asserted that the former Joanna Holland had caused the break up of his first marriage. The article also allegedly fabricated conversations between Mr. Carson and NBC executives about moving the Tonight Show to Hollywood, California.

Plaintiffs' complaint alleged that the article was published maliciously and with reckless disregard as to the truth or falsity of the material published. The complaint further alleged that both Mr. Carson and his wife Joanna suffered harm to their good name, fame, and repute as a result of the defamatory statement.

Plaintiffs have moved this Court for summary judgment. Before discussing the merits of this motion, a brief history of this litigation is appropriate. On November 29, 1973, the district court filed a memorandum opinion granting defendants' motion for summary judgment stating that "this Court believes that the plaintiffs cannot prove actual malice in the *Times* sense" and "the plaintiffs must allege and prove 'special damages.'" That order was appealed to the United States Court of Appeals for the Seventh Circuit. The Court of Appeals va-

cated the judgment because of lack of complete diversity and remanded to allow amendments to cure the jurisdictional defects in the complaint. *Carson v. Allied News Co.*, 511 F.2d 22 (7th Cir. 1975). Upon remand, the jurisdictional defects were cured and the defendants herein moved for reentry of summary judgment or in lieu thereof for judgment on the pleadings. On July 22, 1975, the district court reentered its November 29, 1973, order granting summary judgment to the defendants. On January 23, 1976, the Seventh Circuit Court of Appeals reversed the summary judgment entered in favor of defendants and remanded the case for a proceeding on the merits. *Carson v. Allied News Co.*, 529 F.2d 206 (1976). Plaintiffs have now moved for summary judgment.

In their respective motions for summary judgment, the parties tacitly agree that there are no genuine issues as to any material fact stated in the complaint. Therefore, this Court in ruling upon plaintiffs' motion must determine whether the defendants, as a matter of law, have committed libel.

Mr. Carson and his wife admittedly are public figures and therefore have the burden of proving that the statements which constitute the subject matter of this lawsuit were published by defendants with actual malice, that is, with knowledge that they were false or with reckless disregard of their truth or falsity. *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

Defendants assert that they based the National Insider article on the facts contained in an article written by George Vilanch in the Chicago Today, a Chicago newspaper, and that the statements were not published with actual malice. The facts show otherwise.

First, the Vilanch article speculated on the many reasons why the Tonight Show was moving from New York City to Hollywood. Vilanch erroneously suggested that one of the reasons was the fact that Joanna Holland lived in California. Ms. Holland did not live in California at that time. That fact, however, became one of the central themes of the defendants' article. The Vilanch article was published nearly six weeks before the defendants' article. But at no time during the interim period did the defendants investigate whether this fact was true. Instead, this erroneous fact was "magnified by the defendants into a highly defamatory and inflammatory diatribe squarely fixing the blame on Holland for uprooting the entire cast and staff of the Tonight Show at a cost of millions of dollars to NBC in order to remove the 'impediment . . . in their continuing affair' . . ." *Carson v. Allied News Co.*, 529 F.2d 206, 211 (7th Cir. 1976). The defendants on deposition admitted that their investigations after the article was printed showed that the fact was in error. The author of the article also admitted on deposition that the Vilanch article gave him no basis to conclude that Carson was "a greedy character" or that "his professional performance would be impaired if he returned to an empty bed."

Second, there is no basis in fact for the statement that the former Ms. Holland had broken up Carson's prior marriage. The depositions of Mr. Carson, his wife Joanna, and his former wife indicate that Mr. Carson had been separated at least four months before he met Ms. Holland. The Vilanch article correctly reported this fact. But the National Insider article reported that (1) "Johnny Carson is moving his show . . . so he can be closer to the woman who broke up his marriage"; (2) "[Holland] has been in the background of Carson's hectic life for the past several years"; (3) "After the Carson split, Johnny began dating Joanna Holland openly"; (4) "He tried to make people believe he had met her after the split with his wife—but those in the know winked at each other, and laughed up their sleeves."

The author of the National Insider article testified on deposition that he did not find any support for the above statements from the Vilanch article but said he got his support, "somewhere in the research file." These statements are aptly characterized by the Court of Appeals, as a "sheer fabrication by the defendants . . . which

**408**

. . . [are] . . . an express example of actual malice (529 F.2d at 212)."

Finally, the National Insider article reported a struggle between Carson and NBC executives about moving the show to Hollywood. The article contained supposed quotations from Carson to the executives and their responses and reactions. The author of the article testified on deposition that the conversations "seemed to be a logical extension of what must have gone on from the facts that I read from the Bruce Vilanch article." Quotes that are the product of the writer's imagination are written in reckless disregard for the truth. *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).

Further, in *Goldwater v. Ginzburg*, 414 F.2d 324, 337 (2d Cir. 1969), the court stated: "Repetition of another's words does not release one of responsibility if the repeater knows that the words are false or inherently improbable . . . ." The fact that the defendants stated that they believed the article was true and that the author "entertained no malice against" Carson or Holland are of no value.

The Court of Appeals for the Seventh Circuit, after reviewing defendants' article, characterized the pertinent portions as either "wholly imagined" or "completely fabricated." 529 F.2d at 213. The Court of Appeals "concluded that those statements are a sheer fabrication by the defendants, which *St. Amant* poses as an express example of actual malice." 529 F.2d at 212.

*New York Times v. Sullivan* places a considerable burden on a public figure who seeks to recover damages in a civil libel case. The *New York Times* case, however, does not strip from a public figure all redress under the law. We justifiably pride ourselves in this country on a system of justice which does not discriminate between rich and poor, the powerful and the weak, and the famous and the unknown. Within the limits of the *New York Times* case, plaintiffs Carson and Holland are entitled to no less protection from our laws than would be afforded the most humble petitioner in our courts.

The pretrial affidavits, depositions and other documentary evidence clearly show that defendants maliciously fabricated the libelous matter stated in the National Insider article. Defendants acted with reckless disregard of whether the inaccurate matters published were false or not. Plaintiffs have met their burden of proof and have demonstrated that defendants acted with actual malice. Special damages need not be proved. For these reasons, plaintiffs' motion for summary judgment as to the liability of defendants is allowed. Judgment is hereby entered against defendants and in favor of the plaintiffs on the issue of liability. It is so ordered.