Naomi **GOODEN**, et al., Plaintiffs,

v.

**NATIONAL UNION FIRE INS. CO.**, et al., Defendants.

**No. 4:01CV02138.**

United States District Court,
N.D. Ohio,
Eastern Division.

June 4, 2002.

Robert E. Kerper, Jr., Akron, OH, for plaintiffs.

Marianne K. Barsoum, Reminger & Reminger, Cleveland, OH, Matthew J. Grimm, Steven G. Janik, Janik & Dorman, Cleveland, OH, for defendants.

### MEMORANDUM OF OPINION AND ORDER

POLSTER, District Judge.

On September 7, 2001, Defendant Lexington Insurance Company removed the above-captioned case to this Court from the Stark County Court of Common Pleas based upon diversity of citizenship. (ECF No. 1). On October 19, 2001, the Court issued an opinion in *Kormanik v. St. Paul Fire and Marine Ins. Co.* (Case No. 5:01CV2122), remanding a similar *Scott–Pontzer* case for lack of jurisdiction based upon 28 U.S.C. § 1332(c)(1).

On October 24, 2001, the Court ordered the parties to this action to show cause why this case should not also be remanded. (ECF No. 16). On November 9, 2001, Defendants submitted a brief in which they argued that diversity jurisdiction existed because the insured, Motor Wheel Corporation, is a citizen of Michigan and not a citizen of Ohio. (ECF No. 18). On November 14, 2001, the Court issued an order finding that diversity jurisdiction existed in the case and that it should remain in federal court. (ECF No. 21).

At a Case Management Conference held on December 6, 2001, the parties agreed to a February 1, 2002 deadline for joining parties and amending pleadings. (ECF No. 24). The parties subsequently sought an extension of the Case Management deadlines, which the Court granted. (ECF Nos. 26 and 28). As a result of the extension, the parties were given until May 31, 2002, to join additional parties and amend pleadings. (ECF No. 28).

On May 31, 2002, Plaintiffs filed an Amended Complaint (ECF No. 1) adding two additional parties—Liberty Mutual Insurance Company and Argonaut–Great Central Insurance Company. According to the Amended Complaint, both of these parties insured Hartville Foods, Inc., an Ohio Corporation which employed Plaintiff Naomi Gooden. *Id.* at ¶¶ 43, 44, 54, and 55. Because Plaintiffs are also residents of Ohio, the Court finds that the addition of these defendants destroys the diversity upon which this Court's jurisdiction was based. *See, e.g., Schuckman v. Rubenstein*, 164 F.2d 952, 956 (6th Cir.1947) ("Even where a defendant, being a citizen of the same state of which one of the plaintiffs is also a citizen, is not an indispensable party, but nevertheless a proper party, his joinder as a defendant by the plaintiff destroys the necessary diversity of citizenship."). Because diversity was the sole basis for the Court's jurisdiction, the Court finds that the case must be remanded to the Stark County Court of Common Pleas.

**IT IS SO ORDERED.**