OPINION
{¶ 1} Joseph Jovenall ("Jovenall") appeals the June 3, 2003 judgment entry of the Trumbull County Court of Common Pleas denying his claim for declaratory judgment and denying his request for a permanent injunction. For the reasons set forth below, we reverse the decision of the trial court in this matter.
 {¶ 2} On November 29, 2000, a shareholders' meeting of Zerco Systems International, Inc. ("Zerco") was held. At that meeting, the board of directors was elected pursuant to Zerco's Code of Regulations ("regulations"). Per the regulations, four persons were elected for a three-year term while three persons were elected for a one-year term. John Soltesz was one of the board members elected for a three-year term. Soltesz was also named CEO of Zerco. At some point, two of the three-year board members resigned. In August 2000, Soltesz was removed as CEO of Zerco by written consent of a majority of the board.
 {¶ 3} No shareholder meeting was held in 2001. The three one-year members' terms expired. On November 30, 2001, the remaining board members, by written consent, elected Robert Sudon ("Sudon") as a board member. The board members then elected Soltesz as President of Zerco. In addition, the board members passed a resolution barring "all former directors and officers of [Zerco], including, but not limited to, C. Arnold Morris, Fritz Krieger, James Oakey and Thomas Congoran [from] tak[ing] any action for or on behalf of [Zerco]."
 {¶ 4} When Soltesz was initially removed as CEO, Zerco was experiencing financial difficulties. Upon his return, Zerco's financial situation was, at best, unchanged. In the few months after Soltesz's election as President of Zerco, Zerco raised in excess of $600,000.00 in capital.
 {¶ 5} On December 3, 2001, the one-year members of the board filed a declaratory judgment action against Soltesz. The trial court dismissed the action because the proper remedy was an action in quo warranto. The plaintiffs in that case proceeded to file an action in quo warranto in this court. This court dismissed the quo warranto action because the action was initiated by private citizens, rather than the Ohio Attorney General or the Trumbull County Prosecutor, as required by R.C. Chapter 2733. State ex rel. Morris v. Soltez, 11th Dist. No. 2002-T-0016, 2002-Ohio-3714, at ¶ 23.
 {¶ 6} Subsequently, Jovenall, as a stockholder of Zerco, filed an action for declaratory judgment and injunctive relief. Jovenall sought a "judgment declaring the identity and term of the officers and directors of the corporation," a temporary restraining order, and a permanent injunction. Jovenall subsequently moved for a preliminary injunction. The trial court conducted a hearing on the motion for preliminary injunction on October 4, 2002. The trial court denied the motion.
 {¶ 7} On November 15, 2002, the trial court conducted a hearing on the within action. The trial court found that Jovenall "failed to prove immediate and impending harm" and that Jovenall "did not suffer irreparable harm." The trial court also found that Soltesz did not mismanage Zerco, cause Zerco to lose money, or receive excessive compensation. Finally, the trial court found that the actions of the board of directors in appointing officers and adopting resolutions by written consent were conducted under the proper statutory authority and pursuant to Zerco's Regulations. Thus, the trial court denied Jovenall's claim for declaratory judgment and his request for a permanent injunction.
 {¶ 8} Jovenall timely appealed and raises the following assignments of error:
 {¶ 9} "[1.] The trial court erred in denying a declaratory judgment on behalf of the Plaintiff-Appellant.
 {¶ 10} "[2.] The trial court erred in denying the permanent injunction."
 {¶ 11} In his first assignment of error, Jovenall argues that the terms of the one-year board members should have carried-over until successor board members were duly elected. Jovenall also claims that the board did not properly comply with the notice requirements of R.C. 1701.61(C) in regards to the meeting that elected Soltesz as President and Sudon as a board member and, thus, the actions taken at this meeting have no effect.
 {¶ 12} "The granting of declaratory relief * * * [is a] matter of judicial discretion that will not be disturbed on appeal absent an abuse of discretion by the trial court."Cleveland Constr., Inc. v. Ohio (1997), 121 Ohio App.3d 372,383, citing Control Data Corp. v. Controlling Board (1983),16 Ohio App.3d 30, 35. An abuse of discretion consists of more thanan error of law or judgment. Rather, it implies that the court'sattitude is unreasonable, arbitrary or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169 (citation omitted).Reversal, under an abuse of discretion standard, is not warrantedmerely because appellate judges disagree with the trial judge orbelieve the trial judge erred. Id. Reversal is appropriate onlyif the abuse of discretion renders "the result * * * palpably andgrossly violative of fact and logic [so] that it evidences notthe exercise of will but perversity of will, not the exercise ofjudgment but defiance thereof, not the exercise of reason butrather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 13} Zerco's regulations provided for the initial election of four three-year board members and three one-year board members. The regulations also provided that "[e]ach director thereafter shall hold office for a term of three years and until his successor shall be elected and shall qualify or until his earlier death, resignation or removal." The regulations did not contain a similar provision regarding the initial board. Rather, the regulations simply provided that the "first appointed board of directors of seven shall consist of three directors elected to a one year term, and four directors elected for a three year term."
 {¶ 14} However, pursuant to R.C. 1701.57(A), "[u]nless the articles or the regulations provide for a different term (which may not exceed three years from the date of his election and until his successor is elected), each director shall hold office until the next annual meeting of the shareholders and
until his successor is elected, or until his earlier resignation, removal from office, or death." (Emphasis added.) In other words, "directors hold over after the expiration of their original terms in the event that their successors have not been elected or have not qualified." Schuckman v. Rubenstein (C.A. 6, 1947),164 F.2d 952, 957.
 {¶ 15} In this case, since the regulations did not exempt Zerco from R.C. 1701.57(A), the statutory provision is applicable to the one-year members. Thus, pursuant to R.C. 1701.57(A), the one-year members were in holdover status until their successors were elected. Since no successors have been elected to date, the one-year members maintain their status as board members, even though their one-year terms have expired.
 {¶ 16} Consequently, at the time of the November 30, 2001 elections of Sudon as board member and Soltesz as President of Zerco, by written consent of the remaining two three-year board members, the board consisted of the two remaining three-year members, Soltesz and Brother Anthony Canterucci, and the holdover one-year members, C. Arnold Morris, James Oakey, and Thomas Congoran.
 {¶ 17} Unless the articles or the regulations so prohibit, "any action that may be authorized or taken at a meeting * * * of the directors * * * may be authorized or taken without a meeting with the affirmative vote or approval of, and in a writing or writings signed by * * * all the directors." R.C. 1701.54(A) (emphasis added). Neither Zerco's regulations, nor its articles of incorporation prohibit the directors from taking action without a meeting. Thus, as acting members of the board at the time of the November 30, 2001 elections, the one-year members' written consent was required in order to take any action by written consent. Id. Since the one-year members written consent was not obtained, the actions taken on November 30, 2001, and any subsequent actions of the board, are invalid. See Strah v. LakeCty. Humane Soc. (1993), 90 Ohio App.3d 822, 834 (elections held during an invalid meeting, are not valid).
 {¶ 18} However, since a trial court does not have the authority to grant a judgment of ouster of corporate board members, the trial court could not have ordered the ouster of Sudon as a member of the board, even as the result of an improper election. See id. at 828. Instead, the trial court should have declared that the three one-year members were in holdover status until their successors properly were elected. See R.C.1701.57(A). Thus, we find that the trial court abused its discretion in denying Jovenall's declaratory judgment action.
 {¶ 19} Jovenall's first assignment of error has merit.
 {¶ 20} In his second assignment of error, Jovenall argues that, since he would suffer irreparable harm and since he had no other adequate remedy at law, he was entitled to a permanent injunction barring the current board from acting on behalf of Zerco.
 {¶ 21} Since, as discussed above, any action taken by the board after the November 30, 2001 elections is invalid, seePerfection Graphics, Inc. v. Sheehan (Mar. 3, 1995), 11th Dist. No. 93-G-1776, 1995 Ohio App. LEXIS 783, at *17 ("the actions of directors are not binding upon a private corporation unless such actions are taken at [either] a formal meeting [or by written consent pursuant to R.C. 1701.54] at which the directors act collectively as a board"), absent a subsequent ratification, seeCampbell v. Hospitality Motor Inns, Inc. (1986),24 Ohio St.3d 54, 57, Zerco can void any such action. Thus, Jovenall's second assignment of error is moot.
 {¶ 22} For the foregoing reasons, we hold that Jovenall's first assignment of error has merit while his second assignment of error is moot. The decision of the Trumbull County Court of Common Pleas is reversed and remanded to the trial court to enter judgment consistent with this opinion.
Christley, J., O'Neill, J., concur.