**Mark PAZ, Plaintiff,**

v.

**LONG ISLAND RAILROAD COMPANY, Defendant.**

No. 96 CV 0557 (RR).

United States District Court, E.D. New York.

Feb. 12, 1997.

David M. Lira, Garden City, NY, for Plaintiff.

Roberta Bender, LIRR Law Department—1143, Jamaica, NY, by Richard J. Berka, for Defendant.

*Memorandum and ORDER*

RAGGI, District Judge:

Plaintiff Mark Paz brings this federal action against his former employer, the Long Island Railroad (the "Railroad"), pursuant to § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k) (1994), for the sole purpose of recovering attorney's fees incurred in the successful prosecution of an employment discrimination case brought in New York State court for violations of state law. Defendant Railroad has moved to dismiss Paz's suit for lack of jurisdiction and failure to state a claim. Fed.R.Civ.P. 12(b)(1) & (6). Having carefully reviewed the submissions of the parties and heard oral argument, the court hereby grants defendant's motion.

*Factual and Procedural Background*

Between 1987 and 1991, Mark Paz filed four actions in New York State Supreme Court against his then-employer, the Long Island Railroad. Paz raised various claims, including discrimination on the basis of national origin and retaliation, all in violation of New York State's Human Rights Law. N.Y.Exec.Law § 291 *et seq.* (McKinney 1993 & Supp.1996). The lawsuits were consolidated and tried to a jury, which, on September 8, 1995, returned a verdict in favor of Paz. He was awarded $37,076.25 in damages. *Paz v. Long Island R.R.,* No. 87–25005 (Sup. Ct., Nassau Co., December 13, 1995). On February 8, 1996, Paz filed suit in this court seeking attorney's fees for the state court proceeding as well as any fees incurred in pursuing this action.

It is undisputed that Paz never filed a complaint of employment discrimination or improper retaliation with the Equal Employment Opportunity Commission ("EEOC"). It was only on April 17, 1996, two months after the commencement of this action, that Paz filed a claim with the EEOC requesting attorney's fees. One hundred and eighty days have passed since that filing, apparently without issuance of a right-to-sue letter.

*Discussion*

The issue before this court is whether a plaintiff, who has never commenced a Title VII proceeding either with the EEOC or in the courts, but who has prevailed on a state law claim of discrimination, has a separate and independent federal cause of action for attorney's fees pursuant to 42 U.S.C. § 2000e–5(k). Plaintiff asserts that an affirmative answer is dictated by both the language of Title VII and the Supreme Court's ruling in *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). This court disagrees.

42 U.S.C. § 2000e–5(k), the relevant section of Title VII, states that "[i]n any action or proceeding under this title the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs." Interpretation of a statute necessarily begins with its

language. *Consumer Prod. Safety Comm. v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *In re Kornblum & Co.*, 81 F.3d 280, 285 (2d Cir.1996). The language in § 2000e–5(k) authorizes attorney's fees only in actions or proceedings brought "under this title." The cases for which Paz seeks attorney's fees were never brought under Title VII. Certainly no lawsuit was ever commenced in federal court alleging any violation of Title VII. No complaint of discrimination or unlawful retaliation was ever filed with the EEOC, a prerequisite to maintaining a Title VII claim. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Butts v. City of New York Dep't of Housing Preservation and Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993). Instead, Paz brought his discrimination and retaliation claims to state court and there sought relief only under state law. If Congress had intended to permit recovery of attorney's fees by a party who succeeded in "any action or proceeding" alleging discrimination, even one pursued only under state law, then the phrase "under this title" in § 2000e–5(k) would be redundant. It is, however, "an elementary maxim of statutory construction that, whenever possible, courts are required to give effect to 'every clause and every word of a statute.'" *United States v. Podlog*, 35 F.3d 699, 707–08 (2d Cir.1994) (quoting *Inhabitants of the Township of Montclair v. Ramsdell*, 107 U.S. 147, 152, 2 S.Ct. 391, 394, 27 L.Ed. 431 (1883)), *cert. denied,* —— U.S. ——, 115 S.Ct. 954, 130 L.Ed.2d 897 (1995); *accord Perry v. Dowling*, 95 F.3d 231, 238 (2d Cir.1996) (and cases cited therein). Common sense thus dictates that the reference to actions or proceedings "under this title" in § 2000e–5(k) necessarily refers to lawsuits or administrative proceedings alleging discrimination or retaliation in violation of Title VII. Because Paz never commenced any action or proceeding under Title VII, he cannot now invoke that statute to recover attorney's fees incurred in a suit under state law.

This interpretation of § 2000e–5(k) is supported by the Supreme Court's ruling in *North Carolina Department of Transportation v. Crest Street Community Council,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986).

In that case, a party sued under 42 U.S.C. § 1988 to recover attorney's fees incurred in an administrative proceeding before the Department of Transportation to enforce Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Section 1988 provides that "[i]n any action or proceeding to enforce a provision of [Title VI and various other identified civil rights statutes], the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs." The Fourth Circuit held that plaintiff was entitled to attorney's fees since the administrative forum was specifically "established to enforce federal rights created by Title VI." *Crest Street Community Council v. North Carolina Dep't of Transp.* 769 F.2d 1025, 1030 (4th Cir.1985). But the Supreme Court reversed, relying on the plain language of § 1988 permitting a fee award only *"in the action .or proceeding to enforce* the civil rights laws listed [therein]." *North Carolina Dep't of Transp. v. Crest Street Community Council,* 479 U.S. at 12, 107 S.Ct. at 340 (emphasis in original). The Court noted that the federal lawsuit filed by plaintiff was "not, and was never, an action to enforce any of these laws." *Id.* Thus, it was necessarily dismissed. So in this case, since Paz invokes Title VII only to recover attorney's fees incurred in a state proceeding without raising any claims "under" the federal title, his complaint must be dismissed. *See generally Webb v. Board of Educ. of Dyer County, Tenn.,* 471 U.S. 234, 241, 105 S.Ct. 1923, 1927–28, 85 L.Ed.2d 233 (1985) (noting similarity in relevant language regarding fee awards under § 1988 and Title VII).

The earlier Supreme Court ruling in *New York Gaslight Club v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), relied on by plaintiff, does not support any different result. In *Gaslight,* plaintiff Carey filed a timely complaint of discrimination with the EEOC as required by Title VII. Pursuant to standard agency practice, the EEOC referred her claim to the New York State Division of Human Rights. *Id.* at 64, 100 S.Ct. at 2031 (describing system of deferral and referral of EEOC claims in states where local law also affords relief from discrimination); *see Love v. Pullman Co.,* 404 U.S. 522, 526, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972). Plaintiff successfully established her

claim of discrimination before the state agency, but her counsel also took care to ensure that the EEOC reassumed jurisdiction over her federal complaint. When she received a right-to-sue letter from the EEOC, she commenced an independent federal action under Title VII for alleged racial discrimination. *Id.*, 447 U.S. at 57, 100 S.Ct. at 2027. At a status conference on the federal case, the parties agreed to await the outcome of state court proceedings challenging the Division of Human Rights findings. When rulings were made favorable to plaintiff, the federal case settled with defendant agreeing to comply with the order issued by the Division of Human Rights. *Id.* at 59, 100 S.Ct. at 2028–29. Thus, plaintiff prevailed on the merits of her federal, as well as state, claim. The only issue outstanding was her entitlement to attorney's fees for work done in the state forums.

The Supreme Court ruled that plaintiff could recover attorney's fees incurred in the state proceedings as well as in federal court. In so holding, the Court observed that Title VII "merely provides a supplemental right to sue in federal court if satisfactory relief is not obtained in state forums." *Id.* at 67, 100 S.Ct. at 2033. The Court also described attorney's fees as "[o]ne aspect of [the] complete relief ... which Congress considered necessary for the fulfillment of federal goals." *Id.* at 68, 100 S.Ct. at 2033. But what plaintiff Paz overlooks in emphasizing these excerpts from the Court's opinion is that these pronouncements did not lead to any broad ruling permitting every litigant who succeeds on a state law claim of discrimination to sue in federal court for attorney's fees. After carefully reviewing the deferral/referral procedure for claims filed under Title VII, the Supreme Court held only that a Title VII plaintiff could "recover an award of attorney's fees for work done ... *in state proceedings to which the complainant was referred pursuant to the provisions of Title VII.*" *Id.* at 71, 100 S.Ct. at 2034 (emphasis added).

The facts of this case differ markedly from those emphasized in the *Gaslight* ruling. Since Paz never filed any complaint of discrimination with the EEOC, he never raised any claim "under" Title VII that was deferred pending state agency review. Instead, Paz deliberately chose to pursue only a state law claim in state court without any notice to either the EEOC or his adversary that he was seeking any federal relief. That he could easily have commenced a timely proceeding before the EEOC appears clear. *See Rosa v. Blake Bus. Sch.*, 182 A.D.2d 615, 616, 582 N.Y.S.2d 213, 214 (2d Dep't 1992) (party who first files state lawsuit may then submit complaint to EEOC without risking dismissal under New York State law requiring election of remedies, N.Y.Exec.Law § 297(9) (McKinney 1982 & Supp.1991)). Since nothing in *Gaslight* would support a holding that a state lawsuit unrelated to any Title VII claim arises "under" the federal statute, this court must dismiss Paz's complaint for attorney's fees.

### *Conclusion*

42 U.S.C. § 2000e–5(k) does not permit a party to sue for attorney's fees incurred in a state action for employment discrimination when that action is unrelated to any claim brought under Title VII. The defendant's motion to dismiss is granted.

*SO ORDERED.*