Carol AURECCHIONE, Plaintiff–
Appellant,

v.

SCHOOLMAN TRANSPORTATION SYSTEM, INC., Classic Coach and Bill Schoolman, Defendants–Appellees.

Docket No. 04–0561–CV.

United States Court of Appeals,
Second Circuit.

Argued Oct. 14, 2004.

Decided Sept. 23, 2005.

Corrected Oct. 17, 2005.

Edward Cherney, Port Jefferson, N.Y. (John J. Andrews, Kenneth Lauri, Law Office of John J. Andrews, of counsel), for Plaintiff–Appellant.

Barry Leibowicz, Great Neck, N.Y. (Law Offices of Barry Leibowicz, of counsel), for Defendants–Appellees.

Before OAKES, KEARSE and CALABRESI, Circuit Judges.

Judge KEARSE concurs, dubitante, in a separate opinion.

OAKES, Senior Circuit Judge.

Appellant Carol Aurecchione ("Aurecchione") appeals the district court's dismissal of her complaint for lack of subject matter jurisdiction; the complaint was essentially an application for attorney's fees pursuant to § 706(k) of Title VII of the Civil Rights Act of 1964, as amended. Adopting Magistrate Judge Boyle's Report and Recommendation, the district court (Seybert, *J.*) granted the Defendants–Appellees' motion to dismiss on the grounds that federal courts do not permit claims solely for attorney's fees.

For the reasons stated below, the district court's judgment is vacated and Au-

recchione's claim is remanded with instructions to allow amendment of Aurecchione's complaint.

## I. *Background*

Aurecchione was originally hired in April 1986 as a charter reservationist for Defendant Classic Coach, and was promoted to office manager by the end of that year. By February 1987, Aurecchione became Defendant–Appellee Classic Coach's *de facto* general manager, although she did not receive either the corresponding title or salary. Aurecchione was discharged from Defendants–Appellees' employment in October 1987. Thereafter, she filed a gender discrimination complaint against the Defendants–Appellees with the New York State Division of Human Rights ("SDHR"), a state agency. As required by Title VII of the Civil Rights Act of 1964, as amended, SDHR filed a copy of Aurecchione's complaint with the Equal Employment Opportunity Commission ("EEOC").

More than eleven years later, in April 1999, SDHR recommended, and the state agency Commissioner rendered a decision in Aurecchione's favor, to wit, a finding that the Defendants–Appellees had discriminated against Aurecchione on the basis of her gender, thereby violating New York Executive Law § 296. Thus, Aurecchione was awarded back pay and compensatory damages with interest.[1]

Also in April 1999, the EEOC issued Aurecchione a Notice of Right to Sue. The subject complaint was filed thereafter on June 29, 1999, but during the pendency of her state court appeal of the state agency's decision,[2] Aurecchione's federal suit was administratively closed October 1, 1999.

It was later reinstated to active status on May 8, 2002, when the state appeal was resolved.

In her federal court complaint seeking a $100,000 judgment for attorney's fees, Aurecchione claimed the district court had jurisdiction over her action "pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. sections 2000e *et seq.*)." Compl. ¶ 1. She further claimed that she was "entitled to an award of counsel fees from the defendants, for the services rendered by her attorneys in the SDHR administrative proceeding and in the New York State Court proceeding, under the authority of *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980)." *Id.* ¶ 24.

Magistrate Judge Boyle disagreed, as did District Judge Seybert. Over Aurecchione's objections, Judge Seybert adopted Magistrate Judge Boyle's Report and Recommendation *in toto,* finding: (1) Aurecchione was not a "prevailing party" under Title VII; (2) the *Carey* case was not controlling; (3) based on *North Carolina Dep't of Transp. v. Crest St. Cmty. Council,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), and *Paz v. Long Island R.R. Co.,* 954 F.Supp. 62 (E.D.N.Y.1997), federal courts do not allow suits solely for attorney's fees; and (4) Aurecchione's remedy is confined by her choice of the state administrative forum which, in this instance, does not allow for attorney's fees. Thus, Judge Seybert dismissed Aurecchione's complaint.

On appeal, Aurecchione first argues that under *Carey* (which she claims is applicable in this case), Title VII does, indeed,

---

1. Aurecchione appealed the Commissioner's award to the New York State Supreme Court for Suffolk County because, *inter alia,* the Commissioner refused to include pre-judgment interest in the award. She was subsequently awarded this interest when, three years later, the Court of Appeals of New York ultimately decided the state law computation of interest question in Aurecchione's favor.

2. *See supra* note 1.

entitle a party who successfully litigates an employment discrimination case in a state administrative agency in a deferral state—such as New York State—to recover attorney's fees. Second, Aurecchione argues that she is a prevailing party in this instance. Finally, Aurecchione makes the policy argument that one of Congress's intents in enacting Title VII—namely, providing a discriminated employee with complete relief from discriminatory employment practices, including the relief of awarding attorney's fees—compels reversal of the district court's judgment. Notably, Aurecchione claims that her jurisdictional predicate is Title VII and the body of the complaint can be liberally construed to allege substantive Title VII violations. Aurecchione further argues that if a liberal construction of her complaint is not enough to bring it within the strict confines of *Carey*, the complaint can be amended as of right because an answer has not yet been served, *see* Fed.R.Civ.P. 15(a) & (c).

In opposition, the Defendants–Appellees argue that: (1) the district court was correct in finding it lacked subject matter jurisdiction over Aurecchione's complaint; (2) *Carey* is inapplicable; (3) Title VII does not allow a party who successfully litigates an employment discrimination case before a state agency to obtain attorney's fee; (4) by choosing her remedy under state law, Aurecchione is precluded from seeking any remedy under federal law; and (5) Congress's intent in enacting Title VII was to award attorney's fees in *federal* civil rights actions. In addition, the Defendants–Appellees raise arguments of res judicata, collateral estoppel, and laches.

## II. *Discussion*

■ Where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error and its legal conclusions *de novo*. *See Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir.2002). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *See id.* at 497. After "[c]onstruing all ambiguities and drawing all inferences" in a plaintiff's favor, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("[I]t is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it "lacks the statutory or constitutional power to adjudicate it." *Makarova*, 201 F.3d at 113.

■ Based upon the record before us and following our policy of liberal construction of complaints, we believe Aurecchione's complaint should not have been dismissed for lack of subject matter jurisdiction. Aurecchione's cause of action was still at the pleadings stage, and she made a colorable pleading of subject matter jurisdiction upon which the district court could have relied to adjudicate the complaint. *See* Compl. ¶¶ 1, 9–14. A liberal construction of the complaint shows that Aurecchione sufficiently raised the question of whether Title VII of the Civil Rights Act of 1964 is applicable in this instance; this is a federal question over which the district court has subject matter jurisdiction. *See* 28 U.S.C. § 1331. Moreover, at this stage of litigation (*i.e.*, the pleading stage), it is not necessary for the district court to determine which party shall ultimately prevail. *See, e.g., Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683 ("The issue is not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claim[ ]. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.").

█ Further, even if Aurecchione's stated jurisdictional predicate is defective, we believe the authority granted to a district court (or, for that matter, this Court) by 28 U.S.C. § 1653 would allow Aurecchione to amend her complaint.[3] This Court has long held: " 'An application under § 1653 is, of course, addressed to the discretion of the court, and *usually the section is to be construed liberally* to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist.' " *Cox v. Livingston*, 407 F.2d 392, 393 (2d Cir. 1969) (quoting *John Birch Soc'y v. NBC*, 377 F.2d 194, 198–99 (2d Cir.1967)) (emphasis added in *Cox* ); *see also Carson v. Allied News Co.*, 511 F.2d 22, 24 n. 4 (7th Cir.1975) ("When [28 U.S.C.] § 399 was revised and recodified as § 1653 in 1948, the legislative history indicates that the '[s]ection was extended to permit amendment of all jurisdictional allegations instead of merely allegations of diversity of citizenship as provided by section 399 of title 28, U.S.C., 1940 ed.' " (citation to legislative history omitted)).

In light of the instant record and given the authority of 28 U.S.C. § 1653, we believe the prudent course of action in this case is to permit Aurecchione the opportunity to amend her complaint.

### III. *Conclusion*

The judgment of the district court is VACATED and REMANDED with instructions to allow amendment of Aurecchione's complaint.

---

**3.** Section 1653 of Title 28 reads:
  Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

KEARSE, Circuit Judge, concurring dubitante.

Plaintiff Carol Aurecchione litigated her employment dispute before the New York State Division of Human Rights ("NYDHR"); the decision of NYDHR stated that that agency found in Aurecchione's favor "pursuant to the provisions of the Human Rights Law," *Aurecchione v. Classic Coach*, No. 2A–E–S–88–126025E, at 11 (N.Y.D.H.R. Apr. 29, 1999), and did not mention Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The district court found, accordingly, that Aurecchione had not prevailed on a Title VII claim. *See Aurecchione v. Schoolman Transportation System, Inc.*, No. 99–CV–3644, at 6 (E.D.N.Y. Dec. 30, 2003).

In the present action, Aurecchione sought no relief under Title VII except attorneys' fees. As the majority opinion notes, Aurecchione claimed entitlement to an award of Title VII attorneys' fees under the authority of *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). However, while *Carey* stated that Title VII authorizes an award of fees for work done in state and local proceedings, *see id.* at 65–66, 100 S.Ct. 2024, that case in fact involved "federal litigation [that] was commenced in order to obtain relief for respondent on the merits of her basic dispute with petitioners, and not simply to recover attorney's fees," *id.* at 71, 100 S.Ct. 2024 (Stevens, J., concurring). *See also id.* (stating that it is "doubtful" that "Congress intended to authorize a separate federal action solely to recover ... attorney's fees[ ] incurred in obtaining administrative relief"); *cf. North Carolina Department of Transpor-*

---

28 U.S.C. § 1653 (2000).

*tation v. Crest Street Community Council,* 479 U.S. 6, 12, 16, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986) (although attorneys' fees are available under 42 U.S.C. § 1988 to a prevailing party in an action to enforce .the substantive provisions of, *inter alia,* Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.,* such fees are not available in "a court action *other than* litigation in which a party seeks to enforce" the substantive provisions (emphasis in original)).

Aurecchione, however, has already litigated the substance of her dispute to judgment in the state proceedings; hence, principles of res judicata would seem to bar her from now pursuing a claim under Title VII based on the same dispute. *See, e.g., Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Heimbach v. Chu,* 744 F.2d 11, 14 (2d Cir.1984) ("a claim that could have been asserted under a given set of facts in a concluded action is barred from being asserted under the same set of facts in a subsequent action").

I am thus skeptical that Aurecchione will be able, in an amended complaint as suggested by the majority, to state a viable claim with respect to her already litigated employment dispute or as to a free-standing right to attorneys' fees that could enable her to be found a "prevailing party" under Title VII within the meaning of 42 U.S.C. § 2000e–5(k).