*Laake v. Turning Stone Resort Casino*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

John Laake, AKA Winter Laake,

> *Plaintiff-Appellant*,

> v.                                                                                     17-3588

Turning Stone Resort Casino,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | John Laake., *pro se*, Aurora, IL. |
| **FOR DEFENDANT-APPELLEE:** | Pamela Starisa, Oneida Indian Nation Legal Department, Verona, NY. |

Appeal from order of the United States District Court for the Northern District of New York (McAvoy, *J.*; Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Laake ("Laake"), proceeding *pro se*, appeals from the district court's judgment dismissing his complaint against Turning Stone Resort Casino ("Turning Stone") for lack of subject matter jurisdiction based on tribal sovereign immunity. Laake had purchased a vendor booth for a multi-day event hosted by Turning Stone and attempted to use the booth to conduct tarot card readings, occult readings, and other paranormal demonstrations. Turning Stone employees, finding this conduct improper, informed Laake that he would have to stop or he would be forced to leave the casino. Laake later sued Turning Stone for alleged violations of his First Amendment and equal protection rights, as well as for infliction of emotional distress and defamation under New York common law. The district court dismissed the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a judgment under Rule 12(b)(1), we review "the district court's factual findings for clear error and its legal conclusions *de novo*." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). A case is properly dismissed for lack of subject matter jurisdiction if, after construing all ambiguities and drawing all inferences in the plaintiff's favor, the district court "lacks the statutory or constitutional power to adjudicate it." *Id.* (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Aurecchione*, 426 F.3d at 638.

2

Here, the district court properly concluded that it lacked subject matter jurisdiction over the complaint against Turning Stone. Indian tribes have sovereign immunity from suit unless "Congress has authorized the suit or the tribe has waived its immunity." *C&L Enter., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 416 (2001) (quoting *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998)). Tribal immunity extends to tribal commercial enterprises, such as gambling venues. *See Kiowa Tribe*, 523 U.S. at 754–55. Turning Stone is a commercial enterprise, owned and operated by the Oneida Indian Nation of New York, a federally recognized Indian tribe. *See Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs*, 82 Fed. Reg. 4915-02, 4917 (Jan. 17, 2017). Neither congressional abrogation of immunity nor waiver has occurred here. Therefore, Turning Stone, as a commercial enterprise of the Oneida Indian Nation of New York, is entitled to sovereign immunity.

Laake argues that the Indian Civil Rights Act of 1968 ("ICRA") supersedes Turning Stone's immunity. However, it is settled law that suits like this against a tribe under ICRA are also barred by sovereign immunity. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978). ICRA provides no private right of action against a tribe and may be enforced only in tribal court or by a petition for habeas corpus in federal court. *See id.* at 64–65; *Shenandoah v. U.S. Dept. of Interior*, 159 F.3d 708, 713–14 (2d Cir. 1998). Neither of these exceptions applies here.

We have considered all of Laake's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3