*Chris H. v. The State of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

Chris H.,

*Plaintiff-Appellant*,

v.                                                      18-21

The State of New York, Tandra L. Dawson,
severally, jointly, in her individual capacity, in
her official capacity as Judge of Supreme Court
of the State of New York,

*Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Chris H., *pro se*, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Steven C. Wu, Deputy Solicitor General, Mark S. Grube, Assistant Solicitor General, *for* Barbara D. Underwood, Attorney General of the State of New York, New York, NY. |

Appeal from judgment of the United States District Court for the Southern District of New York (Abrams, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Chris H., proceeding *pro se*, appeals from the district court's December 18, 2017 judgment dismissing his complaint against (1) the State of New York and (2) New York State Supreme Court Justice Tandra L. Dawson in her official and individual capacities. Chris H. had appeared before Justice Dawson at a state court hearing in ongoing proceedings relating to a matrimonial dispute. At the state court hearing, after Chris H. failed to comply with a court order requiring him to pay for an appraisal of his marital residence, Justice Dawson found him in civil contempt and he was remanded into custody. Chris H. was in custody from April 12 to April 14. Based on the hearing and his subsequent imprisonment, Chris H. filed suit in federal court, asserting 25 claims based on both federal and state law and seeking damages of $20 million. New York State and Justice Dawson moved to dismiss. The district court granted the motion to dismiss the federal claims on the grounds of sovereign and judicial immunity, and declined to exercise supplemental jurisdiction over the state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a judgment under Rule 12(b)(1), Fed. R. Civ. P., we review "the district court's factual findings for clear error and its legal conclusions *de novo*." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). A case is properly dismissed for lack of subject matter jurisdiction if, after construing all ambiguities and drawing all inferences in the plaintiff's favor, the district court "lacks the statutory or constitutional power to adjudicate it." *Id.* (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A district court's

2

decision whether to exercise supplemental jurisdiction is reviewed for abuse of discretion. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018).

Here, the district court properly concluded that it lacked subject matter jurisdiction over Chris H.'s federal claims for damages against New York and against Justice Dawson in her official capacity. The Eleventh Amendment bars damages actions in federal court against a state and against state officials acting in their official capacities, unless the state waives sovereign immunity or Congress abrogates it. *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). New York has not waived its sovereign immunity in federal court for actions seeking damages like those sought in this case. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39–40 (2d Cir. 1977) (concluding that New York waives immunity from liability and consents to suit if a claimant brings suit in the Court of Claims, but does not do so for suits in federal court). Nor has Congress abrogated state immunity for claims brought under § 1983 and § 1985. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (§ 1983); *Fincher v. State of Fla. Dep't of Labor & Emp't Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986) (§ 1985). Accordingly, New York is entitled to sovereign immunity, as is Justice Dawson. Chris H.'s federal damages claims against them are therefore barred.

The district court was also correct in holding that judicial immunity barred Chris H.'s federal claims against Justice Dawson in her individual capacity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions," and "even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F. 3d 204, 209 (2d Cir. 2009). Judicial immunity applies if (1) "the relevant action is judicial in nature" and (2) the judge "had jurisdiction over the subject matter before him." *Huminski v. Corsones*, 396 F.3d 53, 74–75 (2d Cir. 2005) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Judicial immunity can thus be overcome in only two circumstances: "First, a judge is

3

not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam) (internal citations omitted). Neither circumstance is present here. Justice Dawson was acting in her judicial capacity as a justice of the New York State Supreme Court when she presided over the hearing in Chris H.'s matrimonial dispute and held him in civil contempt for failing to comply with a court order. The New York State Supreme Court had jurisdiction over these proceedings, *see* N.Y. Const. art. VI § 7(a)–(b) ("The supreme court shall have general original jurisdiction in law and equity."), and Justice Dawson possessed the authority to punish Chris H. "by fine and imprisonment" for his misconduct, which included "non-payment of a sum of money, ordered or adjudged by the court to be paid," N.Y. Jud. Law § 753(A)(3). Judicial immunity thus bars Chris H.'s claims against Justice Dawson in her individual capacity.

As to Chris H.'s state law claims, a federal district court may "decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). Because the district court properly dismissed Chris H.'s federal claims against New York and against Justice Dawson in her official and individual capacities, the district court did not abuse its discretion by also dismissing Chris H.'s state law claims against those defendants.

We have considered all of Chris H.'s remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk