MEMORANDUM & ORDER
Background [3]
Desir's pro se complaint, though rife with legal conclusions, reveals little by way of operative facts. Obvious from the caption, subject of the suit is real property, which the complaint identifies as being located at 1192 East 46 Street in Brooklyn (the "property"). Desir had purchased it in 2006 to use as her personal residence. Compl. at 4. BNY, represented by its attorneys, Frenkel Lambert, initiated a foreclosure action against the property in Kings County Supreme Court on June 24, 2015. BNY was awarded a final judgment of foreclosure and sale on March 14, 2018.[4]
th
*171 Id. at 7; see also Mar. 14, 2018 Order, Dkt. 145, Bank of New York Mellon as Trustee (CWALT 2006-31B) v. Carlyne Desir et al. , No. 507782/2015 (granting BNY's motion for judgment of foreclosure and sale and denying Desir's cross-motion in opposition).
Desir filed the instant suit on May 3, 2018. She contends, generally, that BNY "improperly prosecut[ed] an unlawful foreclosure action based on an invalid note, an invalid mortgage and invalid default." Compl. at 7. As to the other defendants, Desir alleges that they each claim "an entitlement" to the property, which she seeks to challenge through this suit. Id. at 4. Desir notes that, while she is not sure what the basis is for those alleged entitlements, she included the other entities as defendants anyway, because she "cannot determine which claim(s) is/are valid without exposing [herself] to potential double litigation." Id. Transparently, Desir appears largely unsure as to the appropriate legal vehicle to present her challenges, thus relying on a spattering of them without any factual allegations in the complaint even remotely suggesting that some of these statutory and common law claims might be plausibly stated.
Standard of Review
"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States , 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc. , 426 F.3d 635, 638 (2d Cir. 2005). Hardly confined to the four corners of the plaintiff's complaint in determining whether a plaintiff has satisfied her burden of showing the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. Makarova , 201 F.3d at 113. Since subject matter jurisdiction is a threshold issue, when a party moves to dismiss under both Rule 12(b)(1) and 12(b)(6), the motion court must address the 12(b)(1) motion first. Sherman v. Black , 510 F.Supp.2d 193, 197 (E.D.N.Y. 2007) (citing Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n , 896 F.2d 674, 678 (2d Cir. 1990) ).
If subject matter jurisdiction has been established, to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). On a Rule 12(b)(6) motion, a court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. Vietnam Ass'n for Victims of Agent Orange , 517 F.3d at 115.
Of course, where a plaintiff proceeds pro se , the district court must read the complaint liberally, affording the pleadings the strongest interpretation possible. See *172 Erickson v. Pardus , 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). While a pro se plaintiff should be given the opportunity to amend the pleadings at least once, such leave need not be provided where amendment would be futile. See Hill v. Curcione , 657 F.3d 116, 123-24 (2d Cir. 2011) (upholding denial of leave to amend).
Discussion
Defendants raise a plethora of grounds for dismissal, beginning with the argument that the Court lacks subject matter jurisdiction over plaintiff's claims because of the Rooker - Feldman doctrine. FCB Mem. at 4, Dkt. 59-13; BNY/Bayview Mem. at 6, Dkt. 63-28; MERS Mem. at 6, Dkt. 65-13; BoA Mem. at 4, Dkt. 67-2; Frenkel Lambert Mem. at 4, Dkt. 75-12. Since the jurisdictional argument takes precedence over the others, the Court evaluates it first.
I. Rooker-Feldman Doctrine
The Supreme Court's decisions in Rooker and Feldman "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections , 422 F.3d 77, 84 (2d Cir. 2005) ; Rooker v. Fidelity Trust Co. , 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) ("no court of the United States other than [the Supreme Court]" has appellate jurisdiction over state court judgments); District of Columbia Court of Appeals v. Feldman , 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings"). Implementing this doctrine in the Second Circuit, a suit is barred by Rooker - Feldman where the federal court plaintiff lost in the state proceeding, complains of injuries caused by that state court judgment, seeks "district court review and rejection" of the state court judgment, and where the state court judgment was rendered before the federal suit began. Hoblock , 422 F.3d at 85. Importantly, for the Rooker - Feldman doctrine to have application, the aggrieved injury must have been "caused by" a state court judgment "and not simply ratified, acquiesced in, or left unpunished by it." Id. at 88 ; see also Sung Cho v. City of New York , 910 F.3d 639, 647 (2d Cir. 2018) (claims based on "wrongful conduct leading to settlement terms", and not the state court's approval of settlement, not barred by Rooker - Feldman ); Sykes v. Mel S. Harris & Assocs. LLC , 780 F.3d 70, 94-95 (2d Cir. 2015) (claims that "speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments" not barred by Rooker - Feldman ).
Still, heeding that interpretive caution, courts in this circuit routinely dismiss challenges to state court foreclosure judgments under Rooker - Feldman . See, e.g. , Andrews v. Citimortgage, Inc. , No. 14-CV-1534 (JS)(AKT), 2015 WL 1509511, at *4 (E.D.N.Y. Mar. 31, 2015) (plaintiffs alleged illegal securitization and foreclosure judgment obtained through fraud); Done v. Wells Fargo, N.A. , No. 12-CV-04296 (JFB)(ETB), 2013 WL 3785627, at *7 (E.D.N.Y. July 18, 2013) (concluding that "the whole purpose of this action is to undo the foreclosure judgment"); Scott v. Capital One, Nat. Assocs. , No. 12-CV-00183 (ER), 2013 WL 1655992, at *2 (S.D.N.Y. Apr. 17, 2013) (plaintiff's RESPA and TILA claims were "merely an impermissible collateral attack of a state court judgment of foreclosure").
This suit, which attacks a final judgment of foreclosure and sale previously rendered in state court, falls squarely within the bounds of Rooker - Feldman . At the outset, Desir describes it as an "interpleader action"
*173 seeking "relief from a judgment or order" under Rule 60(b). Compl. at 4-5. Her core grievance concerns BNY's pursuit of foreclosure without "any lawful proof of claim and standing"; as part of the relief sought, she asks BNY to dismiss the state court proceeding. Id. at 7, 12. She connects the defendants to the foreclosure judgment in myriad ways, under the common thread that they all claim "entitlements" to the property. For instance, she summarily alleges that BoA, Bayview and Frenkel Lambert acted as "third party debt collectors" in relation to the foreclosure action. Id. at 8-9. She also contends that BNY and MERS "recorded a fraudulent assignment of mortgage" on the property, thus calling into question any entity's standing to foreclose. Id. at 6, 12.
Broadening focus, Desir purports to bring claims for fraud, which might survive Rooker - Feldman if the fraudulent conduct alleged did not lie at the core of the very loan agreement that was not only found valid in state court but was enforced by its judgment. For example, she claims that JPMCB committed "fraud and unjust enrichment" in relation to a loan it extended to her, because "Carlyne Desir funded the loan, which the bank still has not repaid me for! ... I'm the creditor because I put up the security for the loan." Compl. at 11. Certainly, had Desir's complaint given any indication that the fraudulent conduct at the center of the claim related to something other than the making of the foreclosed loan agreement, that is, something independent of a challenged state court judgment, such claims would not implicate Rooker - Feldman . See Graham v. Select Portfolio Servicing, Inc. , 156 F.Supp.3d 491, 507-08 (S.D.N.Y. 2016) (claims alleging invalid assignment of note upon which foreclosure was based barred by Rooker - Feldman while claims alleging breach of separate loan modification agreement not barred). But, attacking the very contract enforced by the state court as fraudulent is a claim that cannot be stated independently *174 of the prior state court judgment; thus, Rooker - Feldman bars it.[6]
II. Failure to State a Claim
Even if there were subject matter jurisdiction, the complaint would nevertheless fail on 12(b)(6) grounds, as it consists entirely of conclusory and speculative allegations that fail to state a claim under any cause of action. Desir purports to assert federal claims for violations of FDCPA, TILA, FCRA, RESPA, and RICO, and state law claims for fraud, breach of contract, breach of fiduciary duty, unjust enrichment, and defamation. As BNY and Bayview correctly observe, the "disorganized and incomprehensible" complaint does not meet the pleading standards set forth under Twombly / Iqbal and Rule 8(a)(2), "consisting instead of a series of legal conclusions and bald references to causes of action, without any factual support." BNY/Bayview Mem. at 8.
a unilateral contract with no Duty or Performance signature by Defendant to provide any consideration whatsoever to Plaintiff. Until such a time that Defendant comes forth with proof of damages by providing original wet ink contract, and agrees to provide such lawful proof under oath, Plaintiff believes Defendant demand(s) [sic ] is entirely based on Hearsay, and that there is no lawful proof to the contrary, and therefore no controversy whatsoever before the Court to for foreclosure [sic ] on my property.
Compl. at 7. In addition to these nonsensical attacks on the loan agreement, she repeatedly intones the names of various causes of action with no factual development whatsoever, such as: "CPA Audit is Fraud and GAAP Violation. FRAUD, violations of UCC 3-501, and Unjust enrichment .... BOA breach of contract and fiduciary duties." Compl. at 8. In a rambling manner, she asserts that "Frenkel Lambert Weiss, LLP Attorneys' statements are hearsay, counsels [sic ] do not have personal knowledge of the note, mortgage, deed, or my property", (id. at 10); "[defendants] began writing defamatory things about the plaintiff and prepared documents containing per se false, unfair and defamatory statements about plaintiff", (id. ); and "defendants intentionally inflicted emotional distress on plaintiff. Defendants [have] intentionally cause[d] me emotional distress, caused plaintiff suffering, mental and emotional distress .... this damages my reputation intentionally, recklessly, and with malice, spite and ill will", (id. ; see also id. at 12-14). No context is given for these extreme and conclusory allegations.
Plaintiff has failed to state a claim with regard to any of the causes of action recited, in rote and seemingly endless fashion, throughout the complaint. Accordingly, even if the Court were to have subject matter jurisdiction over such claims, dismissal would still be warranted pursuant to Rule 12(b)(6). See, e.g. , Gonzalez v. Option One Mortg. Corp. , No. 3:12-CV-1470 (CSH), 2014 WL 2475893, at *13 (D. Conn. June 3, 2014) ("[W]here the Complaint *175 is vague, ambiguous, or otherwise unintelligible, were it to be determined that the Court possesses subject matter jurisdiction, the Complaint is alternatively dismissed for failure to state any claim upon which relief may be granted."). Nor to the extent that a statute on plaintiff's laundry list of statutory violations might afford her a right of action on the grievances she asserts does the complaint give indication that any attempted amendment would be anything but futile.
Conclusion
In line with the foregoing, the motions to dismiss are granted and the action is dismissed without prejudice except as to its refiling in federal court. Furthermore, plaintiff is hereby placed on notice that the re-assertion of the same claims against defendants in any future action filed in federal court may present grounds for sanctions. The Clerk of Court is directed to mail a copy of this Order to pro se plaintiff, to enter judgment, and to close this case for administrative purposes.
So Ordered.
Complaint page references are to ECF pagination.
Off on the other foot, Stewart Title has elected to move for summary judgment, pursuant to Rule 56. Plaintiff has filed an opposition to that motion, styled as a cross-motion for summary judgment. See Stewart Title Mot. for Summ. J., Dkt. 78; Pl.'s Cross-Mot. for Summ. J., Dkt. 80. Stewart Title notes that the complaint "contains only two paragraphs concerning [it] ... which consist of a string of nonsensical phrases lacking any specific factual allegations" and purporting to assert claims for fraud and breach of fiduciary duty. Stewart Title Mem. at 3, Dkt. 78-15. In light of the Court's findings, infra pages 173-74 and 174-75, that plaintiff's challenge to the foreclosure judgment is barred by Rooker - Feldman and plaintiff has failed to state any viable claims falling outside the scope of Rooker - Feldman , the claims against Stewart Title are dismissed on that basis and plaintiff's purported cross-motion is denied.
The background facts are taken from the complaint. See Chambers v. Time Warner, Inc. , 282 F.3d 147, 153 (2d Cir. 2002). All facts alleged in plaintiff's pleadings are taken as true and all reasonable inferences are drawn in her favor. Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co. , 517 F.3d 104, 115 (2d Cir. 2008).
The complaint also references a 2012 state court foreclosure action initiated by BNY against the property, which did not reach a final judgment; the last filing on the docket is BNY's Notice of Intent to Prosecute. See Apr. 25, 2017 Notice, Dkt. 28, Bank of New York Mellon as Trustee (CWALT 2006-31 B) v. Carlyne Desir et al. , No. 502162/2012. Desir appears to construe the two suits as one foreclosure action, though the complaint here primarily focuses on the 2015 action. The Court takes judicial notice of the state court filings. See AQ Consulting WLL v. Branca , No. 10-CV-7496 (AKH), 2011 WL 240812, at *1 (S.D.N.Y. Jan. 19, 2011) (taking judicial notice of state court filings on motion to dismiss).
In her other opposition filings, plaintiff makes similar arguments and reiterates the allegations from the complaint. See, e.g. , Pl.'s Opp'n to MERS Mot., Dkt. 58; Pl.'s Opp'n to BoA Mot. at 4, Dkt. 61 (referring to state court as "a Kangaroo court, sham legal proceedings"); Pl.'s Opp'n to Frenkel Lambert Mot., Dkt. 76; Pl.'s Opp'n to JPMCB Mot., Dkt. 72-13; Pl.'s Cross-Mot. for Summ. J.
To the extent that plaintiff seeks to assert state law claims unconnected to her challenge to the foreclosure judgment, such as for defamation, the Court declines to exercise supplemental jurisdiction over those claims. See, e.g. , Webster v. Wells Fargo Bank, N.A. , No. 08-CV-10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009) (declining to exercise supplemental jurisdiction where "nearly all of Plaintiffs' claims are barred by the Rooker - Feldman doctrine" and the pendent claims "are implausible under Iqbal ").