23-6868(L)
*Molina v. James*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-five.

Present:
> DENNY CHIN,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

JUAN CARLOS MOLINA,

> *Plaintiff-Appellant*,

> v.                                             23-6868(L), 23-6931(CON)

LETITIA JAMES, MADELINE SINGAS, ESTATE OF ROSALIND & JOSEPH GURWIN, JOHN DOE, FEDERAL INSURANCE COMPANY/CHUBB GROUP,

> *Respondents-Appellees*,

STATE OF NEW YORK, NASSAU COUNTY, ESTATE OF JOSEPH GURWIN, FEDERAL INSURANCE COMPANY,

> *Defendants-Appellees*.*

_____

*\* The Clerk of Court is respectfully directed to amend the caption accordingly.*

FOR PLAINTIFF-APPELLANT:                    Juan Carlos Molina, pro se, Wantagh, NY.

FOR FEDERAL INSURANCE COMPANY:              Vincent Passarelli, Cozen O'Connor, New York, NY.

FOR NASSAU COUNTY:                          Ian Bergström, *for* Thomas A. Adams, Office of the Nassau County Attorney, Mineola, NY.

FOR STATE OF NEW YORK:                      Barbara D. Underwood, Ester Murdukhayeva, David Lawrence III, *for* Letitia James, Attorney General of the State of New York, NY.

Appeals from judgments of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments are **AFFIRMED**.

In his Second Amended Complaint, Appellant Juan Carlos Molina, proceeding pro se, brought claims against the State of New York ("State"), Nassau County, Federal Insurance Company/Chubb Group ("Federal"), and the Estate of Joseph Gurwin ("Gurwin Estate"), alleging constitutional violations related to a state conviction in 1982 and his associated civil action.[1] The district court granted Defendants' motions to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

---

[1] In his original and first amended complaints, Molina brought claims against other defendants including Attorney General Letitia James; Madeline Singas, the Nassau County District Attorney; the Estate of Rosalind and Joseph Gurwin; and John Doe of Federal Insurance Company/Chubb Group. Molina does not challenge on appeal the district court's dismissal of the claims against those defendants; we thus review the dismissal of only the claims in the Second Amended Complaint.

2

"Where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error and its legal conclusions *de novo*." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

## I.      Claims Seeking To Vacate Molina's Conviction

Molina seeks to vacate his 1982 criminal conviction. But the *Rooker-Feldman* doctrine bars federal courts from hearing suits "that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quotation marks omitted). Because the relief that Molina seeks requires a federal court to review—and to vacate—the state court's conviction, the district court properly dismissed these claims.

On appeal, Molina now argues that the district court should have construed his claims to vacate his conviction as a petition for habeas relief. We disagree. "In order for a federal court to have jurisdiction over a [§ 2254] habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (quoting 28 U.S.C. § 2254(a)). But Molina left prison decades ago and fails to allege any continuing restraint on his liberty. He is thus ineligible to seek § 2254 relief.

## II.     Claims Against the State and Nassau County

Molina's claims against the State and Nassau County fare no better. According to Molina, the State and Nassau County failed to provide him with a Spanish language interpreter during his criminal and civil actions. But the Eleventh Amendment bars claims for damages against states.

3

*See Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 151 (2d Cir. 2013). *See generally* U.S. Const. amend. XI. And the claims against Nassau County arose four decades ago and are barred by the applicable statute of limitations. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).

### III. Claims Against Federal Insurance Company and the Gurwin Estate

Molina also brings claims under 42 U.S.C. § 1983 against Federal and the Gurwin Estate. He alleges that Federal and the Gurwin Estate "conspired together to wrongfully prosecute" him by "shifting the blame for embezzlement by other parties" onto him because he "was the only party with assets that Federal could collect against." Joint App'x at 54. He offers no specific facts to support the theory that Federal and the Gurwin Estate acted under color of state law, however, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Still, Molina maintains that he is entitled to default judgment against the Gurwin Estate for its failure to appear. But "a default judgment that creates an incongruity with a judgment on the merits is unseemly and absurd, as well as unauthorized by law." *Moore v. Booth*, 122 F.4th 61, 63 (2d Cir. 2024) (cleaned up). The district court thus properly dismissed Molina's claims against both Federal and the Gurwin Estate.[2]

### IV. Relief Under Rule 60(b)

Under Rule 60(b)(2), parties can seek relief from final judgment by identifying "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "[W]e generally review motions

---

[2] To the extent that Molina raised state law claims against Federal, the district court properly declined to exercise supplemental jurisdiction over any such claims.

pursuant to the provisions of Rule 60(b) for abuse of discretion." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004). Here, Molina sought to introduce as newly discovered evidence records purportedly showing the dismissal of a 1981 indictment against him. But as the district court noted, such evidence has "presumably [] been available since 1981." Joint App'x at 8.

*     *     *

We have considered Molina's remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court