24-3218-cv
*Sakon v. Connecticut*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-six.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.
> HECTOR GONZALEZ,
> *District Judge*.[*]

_____

JOHN ALAN SAKON,

> *Plaintiff-Appellant*,

OWS, NF,

_____

[*] Judge Hector Gonzalez, of the United States District Court for the Eastern District of New York, sitting by designation.

*Plaintiff,*

v.                                                            24-3218

STATE OF CONNECTICUT, TAMMY NGUYEN-
O'DOWD, LEO DIANA, in official and
individual capacities, ROBERT NASTRI, in
official and individual capacities,

*Defendants-Appellees.*

_____

**For Plaintiff-Appellant:**                    JOHN ALAN SAKON, *pro se*,
                                                Farmington, CT.


**For Defendants-Appellees:**                   ALMA ROSE NUNLEY, Assistant
                                                Attorney General, *for* William
                                                Tong, Attorney General of
                                                Connecticut, Hartford, CT.


Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 7, 2024 judgment of the district court is **AFFIRMED.**

John Alan Sakon, proceeding *pro se*, appeals from the district court's dismissal of his complaint against the State of Connecticut and three family-court judges. Sakon brought a bevy of constitutional, statutory, and state-law claims

2

challenging various aspects of a state family court's decision to award sole custody of his minor son to his ex-wife. Invoking the domestic relations abstention doctrine, the district court declined to exercise jurisdiction over any of these claims; it also concluded that Sakon's claims failed on the merits. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 416–17 (2d. Cir. 2015) (internal quotation marks omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). And "[w]here a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error and its legal conclusions *de novo*." *Id.*

Here, the district court abstained from asserting jurisdiction over *any* of Sakon's claims because it held that the domestic relations abstention doctrine controlled. That doctrine requires "federal court[s] presented with matrimonial

issues or issues on the verge of being matrimonial in nature" to "abstain from exercising jurisdiction so long as there is no obstacle to [the] full and fair determination [of such issues] in state courts." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (internal quotation marks omitted); *see also Deem v. DiMella-Deem*, 941 F.3d 618 , 625 (2d Cir. 2019) (reaffirming vitality of doctrine).

Sakon has forfeited any challenge to the district court's decision to abstain. An appellant forfeits an argument if his "initial brief" makes it "only perfunctorily" and without "some effort at developed argumentation." *Meyer v. Seidel*, 89 F.4th 117, 128–29 (2d Cir. 2023). Here, Sakon's roughly fifty-page opening brief focuses on the district court's alternative holdings, and he gestures to the domestic relations abstention doctrine only once, stating – somewhat cryptically and without elaboration – that the "District Court Judge under misapprehension that father merely has to file a motion for modification therefore the Family Abstention Doctrine Applies." Sakon Br. at 50. While we "traditionally accord *pro se* litigants" some degree of "latitude," even a *pro se* party will be deemed to have [forfeited] an argument if, as here, he raises it only "obliquely and in passing." *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013). Because the domestic relations abstention doctrine resolves all of Sakon's claims, and because

4

he forfeited any challenge related to that doctrine, his appeal fails. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

\* \* \*

We conclude that Sakon's remaining arguments are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court.